Columbus Spencer *v.* George Marshall

Appellate Division of the Circuit Court

File No. CV 1-643-8777

Argued November 1—decided December 10, 1965

*Nicholas A. Cioffi,* of Norwalk, for the appellant (plaintiff).

*Jules Lang,* of Norwalk, for the appellee (defendant).

Pruyn, J. The complaint as amended alleges that Julia Marshall was the owner of a 1959 Chevrolet automobile and on June 16, 1962, transferred it to the plaintiff, executing all papers of transfer, that the plaintiff took possession of the car, that the transfer papers were not filed with the department of motor vehicles, that Julia Marshall died on June 28, 1962, that the defendant was appointed adminis-

trator of her estate and that on or about December 15, 1963, he transferred the car to his own name and took possession of it, thereby depriving the plaintiff of the use and possession of the car. The complaint seeks a declaratory judgment that the car belongs to the plaintiff, an order compelling the defendant to transfer it to the plaintiff, and money damages. The defendant demurred on the ground that the complaint failed to allege that the plaintiff presented his claim to the administrator and that the claim was disallowed. The court sustained the demurrer and, the plaintiff failing to plead over, rendered judgment for the defendant. Error is assigned in the court's ruling sustaining the demurrer.

We note in passing, although it was not made a ground for the demurrer, that the Circuit Court has no power to render a declaratory judgment. General Statutes § 52-29.

Our Statute of Nonclaim, as it is commonly called, provides that the Probate Court shall limit the time for creditors to present their claims against a solvent estate and debars a creditor of his claim if he does not present it within the time so limited. General Statutes § 45-205. A creditor whose claim has been presented and disallowed by the executor or administrator has four months from the date of disallowance in which to commence suit on his claim. General Statutes § 45-210; *Cassone v. Coyne,* 3 Conn. Cir. Ct. 495. The sole question before us is whether the plaintiff's claim as alleged in the amended complaint, the allegations of which are deemed admitted by the defendant for the purpose of the demurrer, is of such a character as to require presentation to the administrator.

The plaintiff argues that his claim is one for the determination of a property interest in, and for the recovery of, specific property and is therefore not

subject to the requirement of presentation of claim under the principles set forth in such cases as *Padula* v. *Padula,* 138 Conn. 102, 107, and *Dennen* v. *Searle,* 149 Conn. 126, 140. The *Padula* case involved the clearing of the title to real estate of a cloud thereon, and the *Dennen* case was an action to quiet title to real estate. In both cases it was held that the presentation of a claim was not necessary when the claim involves an interest in real estate, the court in *Padula* saying: "In those cases in which the cause of action is for the recovery of or the determination of interests in specific property and therefore is at least quasi in rem and not in personam, it is not an essential prerequisite that a claim be presented. In other words the purpose of the Statute of Nonclaim is to make sure that an administrator is informed as to what claims there are which must be paid out of the estate as a whole."

We do not agree with the plaintiff's argument that this is an action in rem or quasi in rem affecting the title to specific property. It does not comply with the requirements of a replevin action, nor was there any attachment of property, nor, as previously stated, could this court render a declaratory judgment as to the ownership of the automobile. Essentially the complaint is one for conversion of property alleged to be owned by the plaintiff, and money damages are claimed. Such a claim is one founded in tort and as such is subject to the provisions of § 45-210. There is no allegation that written notice of the claim was given to the administrator so as to bring it within the exception contained in the last sentence of § 45-210. The bar of the statute applies to both contract and tort claims, liquidated and unliquidated. " '[C]laims,' within the meaning of the statute of nonclaim, include any existing cause of action against the deceased for money or money damages, whether in contract or tort and

whether liquidated or unliquidated." 2 Locke & Kohn, Conn. Probate Practice, p. 501; see *Sherwood* v. *Bridgeport,* 123 Conn. 348, 351; *Lang* v. *Stoddard,* 13 Conn. Sup. 135, 136.

We need not decide whether the complaint seeks to impose a trust in respect to the automobile, for even if there were an implied trust the Statute of Nonclaim applies. *Cone* v. *Dunham,* 59 Conn. 145, 160.

There is no error.

In this opinion KINMONTH and LEVINE, Js., concurred.