AMERICAN FROZEN FOODS, INC. *v.* INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 145, ET AL.
(2645)

HULL, BORDEN and SPALLONE, Js.

Argued December 6, 1984—decision released February 19, 1985

*Paul E. Knag,* with whom was *William J. Torres,* for the appellant (plaintiff).

*Burton S. Rosenberg,* for the appellees (defendants).

PER CURIAM. The plaintiff, American Frozen Foods, Inc., and the defendant International Brotherhood of

Teamsters, Local 145 (hereinafter union), entered into a collective bargaining agreement on April 1, 1981. The defendant Thomas Hanrahan was a member of the collective bargaining unit represented by the union. On April 6, 1982, the plaintiff discharged Hanrahan, citing a customer complaint received on March 23, 1982, and verbal warnings which Hanrahan had previously been given for incomplete or poor quality work.

Hanrahan filed a grievance pursuant to the collective bargaining agreement[1] and the matter was submitted for arbitration to the state board of mediation and arbitration, which found that Hanrahan had not been discharged for just cause. The plaintiff thereupon filed an application in the Superior Court to vacate the award, and the defendants filed a cross application to confirm it. On September 29, 1983, the trial court denied the plaintiff's application to vacate and granted the defendants' cross application. On appeal, the plaintiff claims that the trial court erred in confirming the award.

The plaintiff has briefed five claims of error, all of which attack the factual findings of the trial court. "The Supreme Court has repeatedly criticized and attempted, apparently in vain, to discourage this misuse of the appellate process. *Baker* v. *Baker,* 166 Conn. 476, 478, 352 A.2d 277 (1974); *Southern New England*

---

[1] Article Fourteen of the collective bargaining agreement provided as follows: "It is agreed that should any change [sic] of violation of this Agreement or any charge of discrimination or any other grievance or dispute arise between the parties hereto growing out of the interpretation or application of the Agreement, an attempt shall be made between the parties to settle such controversy amicably. Grievances must be submitted within five (5) days of the time they occur. In the event that such controversy cannot be settled amicably within ten (10) days of the time they have been considered by the parties, same shall be referred to the State Board of Mediation and Arbitration at the request of either party. The decision of said Board shall be final and binding upon both parties. Time limits may be extended by mutual agreement of the parties, and such extension shall not be unreasonable [sic] withheld."

*Contracting Co.* v. *State,* 165 Conn. 644, 646, 345 A.2d 550 (1974); *Pawlinski* v. *Allstate Ins. Co.,* 165 Conn. 1, 3, 327 A.2d 583 (1973). Questions of fact are to be determined solely by the trial court. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982). The weight given the evidence and the credibility of the witnesses are likewise within the province of that court. *Dubicki* v. *Dubicki,* 186 Conn. 709, 713, 443 A.2d 1268 (1982); *Hallmark of Farmington* v. *Roy,* 1 Conn. App. 278, 281, 471 A.2d 651 (1984). Our review of the record in this case indicates that there was ample evidence to support the court's findings and conclusions. *Frumento* v. *Mezzanotte,* 192 Conn. 606, 617–18, 473 A.2d 1193 (1984); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980)." *Connecticut National Bank* v. *Nagy,* 2 Conn. App. 448, 448–49, 479 A.2d 1224 (1984). We will not retry this case on appeal.

There is no error.