MacArthur/Nathan Associates *v.*
Edson Realty, Inc., et al.
(2233)

Dupont, C.P.J., Hull and Spallone, Js.

Argued March 12—decision released May 7, 1985

*John J. Graubard,* for the appellant (plaintiff).
*Richard L. Newman,* for the appellees (defendants).

Per Curiam. The plaintiff seeks money damages for breach of a written agreement between the parties, dated April 29, 1981, in which the plaintiff agreed to act as the exclusive agent to obtain financing for the defendants' proposed development of an industrial project. Four specific financing proposals from other lenders were listed as exceptions to the exclusive nature of the plaintiff's agency. One of these concerned on-going negotiations for a ten year loan in the amount of $1.5 million from the Chase Manhattan Bank. The agreement provided that the defendants could terminate it by written notice to the plaintiff if they failed to present acceptable proposals within sixty days.

The plaintiff presented a letter of intent from Citytrust to the defendant on June 11, 1981. On July 7, 1981, the defendants told the plaintiff by telephone that this letter of intent was unacceptable and, on July 8, 1981, a written notice of termination of the agreement was sent to the plaintiff. On July 13, 1981, the defendants accepted a somewhat changed proposal from the Chase Manhattan Bank.

The plaintiff appeals from the trial court's judgment for the defendants claiming that the court erred as follows: (1) in finding that the agreement gave the plaintiff merely an exclusive agency rather than an exclusive right to obtain financing for the defendants; (2) in finding that the agreement had terminated before the defendants accepted the revised Chase Manhattan proposal; (3) in holding that General Statutes § 20-325a (a) barred the plaintiffs, who are unlicensed under the real estate broker's licensing laws; General Statutes § 20-311 through General Statutes § 20-329bb; from recovery where the evidence showed that any real estate involvement was merely incidental to the transaction; and (4) in excluding expert testimony of John R. MacArthur, a licensed real estate broker, as to whether this transaction was within the scope of the real estate licensing laws.

Concerning the first and second issues raised, the plaintiff's appeal is a patent attempt to get this court to retry the facts, a practice against which we have apparently inveighed in vain. *American Frozen Foods, Inc.* v. *International Brotherhood of Teamsters,* 3 Conn. App. 300, 302, 487 A.2d 570 (1985); *Hobby* v. *Feldman,* 2 Conn. App. 696, 697, 482 A.2d 1226 (1984); *Jones* v. *Litchfield,* 1 Conn. App. 40, 42, 467 A.2d 936 (1983), cert. denied, 192 Conn. 802, 470 A.2d 1218 (1984). After a review of the record in this case, we find that the trial court's conclusions on these two issues were legally correct and factually supported. The decision of the trial court was not clearly erroneous in light of the evidence and the pleadings in the record as a whole. Practice Book § 3060D; *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

In view of our conclusions as to the correctness of the court's decisions on the first and second issues, we do not reach the third and fourth issues which arise out of the defendants' special defense.

There is no error.