EAST HADDAM FISHING AND GAME CLUB, INC. *v.* RUTH H. CIUCIAS

RUTH H. CIUCIAS *v.* EAST HADDAM FISHING AND GAME CLUB, INC.
(3175)
(3176)

DUPONT, C.P.J., HULL and BORDEN, Js.

Submitted on briefs April 4—decision released June 4, 1985

*Scott W. Jezek* filed a brief for the appellant (defendant in the first case, plaintiff in the second case).

*Bruce W. Manternach* filed a brief for the appellee (plaintiff in the first case, defendant in the second case).

PER CURIAM. These were two actions, the plaintiff in each seeking to enjoin the other party from interfering with the use of a roadway. We refer herein to the East Haddam Fishing and Game Club, Inc., the plaintiff in the first action, as the plaintiff, and to Ruth H. Ciucias, the defendant in that action, as the defendant.

The cases were tried together before a state trial referee. The referee, *Hon. Charles S. House,* decided the cases together, and found that the plaintiff had established a prescriptive easement over the roadway "by the much greater weight of the evidence" and through "credible testimony." Judgment was rendered in accordance with this finding, enjoining the defendant from interfering with the plaintiff's use of the roadway. The defendant appealed from the judgment in each case, pursuing identical claims in each appeal. We find no error.

The defendant essentially challenges the trial court's factual findings and conclusions of law, claiming that the plaintiff had a leasehold interest in the property, thus prohibiting a finding of a prescriptive easement, and that, in any case, the evidence was insufficient to support a finding of a prescriptive easement in the plaintiff. "The [defendant] misconceives the function of this court. The trial court was presented with conflicting evidence and it is apparent that credibility was a crucial factor. 'We cannot retry the facts or pass upon the credibility of the witnesses.' " *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 220, 435 A.2d 24 (1980); *Knight* v. *Breckheimer,* 3 Conn. App. 487, 489, 489 A.2d 1066 (1985).

A prescriptive easement is established by proof, by a preponderance of the evidence, of an open, visible, continuous and uninterrupted use under a claim of right. General Statutes § 47-37; *Sanford* v. *Dimes,* 3 Conn. App. 639, 640 n.1, 643, 491 A.2d 398 (1985). Conflicting evidence was presented about several of these elements, including whether the roadway was leased to the plaintiff and was therefore not used under a claim of right. The trial court found the evidence supporting the plaintiff's claim to be the more credible. Our examination of the record reveals that there was sufficient evidence to prove the elements of a prescriptive easement. The trial court's conclusions were amply supported by the evidence and were not clearly erroneous.

There is no error.