DONALD BOWMAN *v.* KAYE WILLIAMS ET AL.
(3519)

DUPONT, C. J., HULL and MELVILLE, Js.

Argued May 10—decision released September 17, 1985

*David O. Chittick,* for the appellants (defendants).

*Robert H. Boynton,* with whom was *Susan A. Moch,* for the appellee (plaintiff).

MELVILLE, J. This action was brought pursuant to the forcible entry and detainer statute, General Statutes § 47a-43,[1] to the Housing Session of the Superior

---

[1] "[General Statutes] Sec. 47a-43. (Formerly Sec. 52-462). COMPLAINT AND PROCEDURE: FORCIBLE ENTRY AND DETAINER; ENTRY AND DETAINER. (a) When any person (1) makes forcible entry into any land, tenement or dwelling unit and with a strong hand detains the same or (2) having made a peaceable entry, without the consent of the actual possessor, holds and detains the same with force and strong hand or (3) enters into any land, tenement or dwelling unit and causes damage to the premises or damage to or removal of or detention of the personal property of the possessor, or (4) when the party put out of possession would be required to cause damage to the premises or commit a breach of the peace in order to regain possession, the party thus ejected, held out of possession, or suffering damage may exhibit his complaint to any judge of the superior court.

"(b) Such judge shall forthwith issue a summons to the party complained of, directed to some proper officer, to notify him to appear at a specified time and place, within eight days from the exhibition of such complaint, in the superior court for the judicial district wherein the injury complained of was done, to answer to the matters contained in the complaint.

"(c) Such summons shall be served upon the party complained of six days inclusive before the day appointed for trial.

"(d) If, after service of such summons, the party complained of does not appear and defend, the judge shall proceed in the same manner as if he were present."

Court in the judicial district of Fairfield, where it was tried to the court. Judgment was rendered for the plaintiff, from which the defendants appeal.

The named defendant, Kaye Williams, is the president of Marina Corporation which operates the defendant Captain's Cove Marina of Bridgeport, Inc. The defendants claim that the Marina Corporation holds the lease to the marina property, which is owned by the city of Bridgeport. Prior to November, 1983, the plaintiff leased a boat slip from the defendants for the purpose of conducting a boat chartering service.[2] In November of 1983, the plaintiff leased office and storage space for other business purposes from the defendants in an ice house, and made extensive interior renovations thereto. Sometime prior to July 15, 1984, the parties met on several occasions to discuss plans for the plaintiff to relocate his office to smaller quarters in another part of the marina. This relocation was apparently necessitated by the plaintiff's difficulty in making timely rental payments on the demised premises.

On July 14, Williams became outraged over an incident at the marina involving damage to a boat caused by some boating guests of the plaintiff. On the following day, Williams, along with his family and several other persons, entered the plaintiff's offices and were in the process of removing the plaintiff's belongings when the plaintiff arrived and called the police. The police instructed Williams to replace the plaintiff's belongings. This order was complied with initially. The plaintiff's belongings, however, were later removed and the plaintiff was not permitted to re-enter the demised premises, or allowed to retrieve his belongings. Two days later, the plaintiff removed his boat from its slip at the marina for the purpose of going on a sailing trip.

---

[2] There is nothing in the record to indicate that the lease was of the pier itself.

Upon his return, the plaintiff discovered that Williams had placed a floating dock in the plaintiff's boat slip in order to prevent the plaintiff from storing his boat there.

It should be noted that Marina Corporation, which the defendants claim is the leaseholder from the city of Bridgeport, was never served with a writ, summons and complaint in this action, nor was it joined as a party by either the plaintiff or the defendants.

We do not reach the defendants' claim that the corporation was a necessary or an indispensable party, because the defendants never moved to strike the plaintiff's complaint because of nonjoinder of parties. Practice Book § 198; *George* v. *St. Ann's Church,* 182 Conn. 322, 325–26, 438 A.2d 97 (1980).

The defendants also claim that the trial court erred in finding that the plaintiff proved by a preponderance of the evidence that the defendants "having made a peaceful entry, without the consent of the actual possessor, holds and detains the same with force and strong hand." General Statutes § 47a-43. The defendants argue that Williams had the plaintiff's consent to enter the premises because the plaintiff voluntarily relinquished possession of the premises to him. Conflicting testimony was presented at trial as to whether the parties reached an agreement providing that the plaintiff would move to a smaller location at the marina. Once again, this court is compelled to state, what has become a tired refrain, we do not retry the facts or evaluate the credibility of witnesses. *East Haddam Fishing & Game Club, Inc.* v. *Ciucias,* 4 Conn. App. 214, 215, 493 A.2d 281 (1985). *Fukelman* v. *Middletown,* 4 Conn. App. 30, 31, 492 A.2d 214 (1985); *MacArthur/Nathan Associates* v. *Edson Realty, Inc.,* 3 Conn. App. 675, 676, 491 A.2d 1111 (1985); *American Frozen Foods, Inc.* v. *International Brotherhood*

*of Teamsters,* 3 Conn. App. 300, 302, 487 A.2d 570 (1985). Our limited review of this claim discloses that the trial court's conclusion was legally correct and factually supported.

Lastly, the defendants' claim that the trial court erred in finding that the boat slip rented by the plaintiff falls within the ambit of General Statutes § 47a-43. Particularly, the defendants' claim that the trial court erred in holding that the use of the boat slip was an appurtenance of the premises rented to the plaintiff. We agree.

The trial court adopted an expansive definition of tenement as that word is used in the forcible entry and detainer statute. The trial court, quoting Ballentine's Law Dictionary held that "tenement" included " 'everything which may be holden, provided it be of a permanent nature' and 'inclusive of any incorporeal hereditament which issues out of corporeal property or which is annexed thereto.' " Even if we assume without deciding that the trial court's definition of tenement is correct, the boat slip in question would not be appurtenant to the real property leased by the plaintiff. The concept of appurtenant in the context of property law "does not require that something be annexed, joined, or attached to be appurtenant. *Waterbury Lumber & Coal Co.* v. *Asterchinsky,* 87 Conn. 316, 320, 87 A. 739 [1913]; see *Graham* v. *Walker,* 78 Conn. 130, 61 A. 98 [1905]. The term denotes a connection between two objects such that one is incident to the other." *Algonquin Gas Transmission Co.* v. *Zoning Board of Appeals,* 162 Conn. 50, 58, 291 A.2d 204 (1971). Certain facts are relevant to this issue. The plaintiff rented the boat slip for the purpose of conducting a boat chartering service prior to leasing the office space which was rented to run a marine brokerage business. Since the boat slip did not pass as an incident to the office space, nor does it appear that it was essential to or rea-

sonably necessary to the full beneficial use and enjoyment of the office and storage space, it cannot be deemed an appurtenance of the office. *Graham* v. *Walker,* supra, 135–36; 23 Am. Jur. 2d, Deeds § 65.

The plaintiff at oral argument interjected the theory of wharfing out as an alternative grounds on which the trial court's judgment could be affirmed. This issue was not raised in a preliminary statement of issues filed by the plaintiff presenting alternative grounds on which the judgment may be affirmed, nor was the issue briefed by the plaintiff. This claim, therefore, is not properly before the court. Practice Book §§ 3012 and 3060G (e).

There is error in part, the judgment restoring to the plaintiff the possession of the boat slip is set aside and the case is remanded with direction to render judgment for the defendants in accordance with this opinion.

In this opinion the other judges concurred.