DONALD BOWMAN *v.* KAYE WILLIAMS ET AL.
(12873)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and BERDON, Js.

Argued October 9—decision released November 11, 1986

*David O. Chittick,* for the appellants (defendants).

*Robert H. Boynton,* with whom, on the brief, was *Susan A. Moch,* for the appellee (plaintiff).

PER CURIAM. After examining the record on appeal and after considering the briefs and the arguments of the parties, we have concluded that the appeal in this case should be dismissed on the ground that certification was improvidently granted. The underlying issues have been fully considered in the opinion of the Appellate Court; *Bowman* v. *Williams,* 5 Conn. App. 235, 497 A.2d 1015 (1985); and it would serve no useful purpose for us to repeat the discussion therein contained.

The claim of the corporate defendant that it was improperly made a party does not merit further elaboration in light of the record, which demonstrates that, at trial, the corporate defendant, in the presence of its corporate officers, and represented by the same counsel that was counsel of record for the named defendant, had consented to an amendment to the pleadings which made the corporation a codefendant.[1]

The appeal is dismissed.

---

[1] The dismissal of this appeal is not to be read as our endorsement of the categorical statement in the opinion of the Appellate Court; *Bowman* v. *Williams,* 5 Conn. App. 235, 238, 497 A.2d 1015 (1985); that it was unnecessary for that court to "reach the defendants' claim that the corporation was a necessary or an indispensable party, because the defendants never moved to strike the plaintiff's complaint because of nonjoinder of parties." See *Gill* v. *Shimelman,* 180 Conn. 568, 570, 430 A.2d 1292 (1980).