KASPAR ASSOCIATES, INC. *v.* RONALD ESPOSITO
(4604)

BORDEN, DALY and O'CONNELL, Js.

Argued October 9, 1987—decision released February 23, 1988

*Laurence V. Parnoff,* for the appellant (defendant).
*Elaine M. Scanlon,* for the appellee (plaintiff).

DALY, J. This appeal arises from an action to recover damages for engineering services. In the counterclaim, the defendant alleged incomplete performance by the plaintiff. The jury returned a verdict for the plaintiff in the amount of $17,910.56. The jury returned two verdicts on the counterclaim, one for the plaintiff and one for the defendant. The trial court set aside the jury's verdict for the defendant on the counterclaim. The defendant claims (1) that the jury's verdict was inconsistent, and (2) that the evidence was insufficient to support an award of damages to the plaintiff. We find no error.

The jury could reasonably have found the following facts. The defendant, a land developer, purchased two parcels of land in Tolland in order to subdivide and develop them. After purchasing the property, the defendant contracted with the plaintiff to present a subdivision plan for one parcel to the Tolland planning and zoning commission. While the parties initially entered into an agreement for certain preliminary work, it was later modified orally by the parties. The modified agreement increased the work required of the plaintiff to "all

work necessary" to present the proposed subdivison to the planning and zoning commission. For these additional services, the defendant agreed to compensate the plaintiff on an hourly basis. The defendant contended that the plaintiff guaranteed subdivision approval by the planning and zoning commission and that payment was contingent upon approval. Ultimately, the commission did not approve the subdivision plan. This action was instituted upon the defendant's refusal to pay for the plaintiff's services.

At trial, the plaintiff presented evidence as to the exact nature of the work performed. The work was extensive as the land was difficult to subdivide. Testimony by the plaintiff's employees indicated that the defendant was always made aware of the nature, scope, and cost of the work. The plaintiff's employees also testified that, throughout their working relationship with the defendant, he requested that all work necessary be performed in an attempt to get the subdivision approval.

The defendant's counterclaim was based upon the failure of the plaintiff to secure approval of the subdivision plan. The only evidence presented by the defendant in support of his counterclaim was his own testimony that the plaintiff "guaranteed" that the defendant would obtain subdivision approval. The defendant failed to submit any evidence pertaining to his alleged damages.

In his first claim of error, the defendant alleges that the jury, having found for him on the counterclaim, could not also find for the plaintiff on the complaint. Although the defendant attempts to further his claim of error by using inconsistent verdict rubric, he does not claim that the trial court erred in setting aside the verdict in his favor on the counterclaim. The trial

court rendered judgment for the plaintiff on both the complaint and the counterclaim, and eliminated any inconsistency.[1]

The defendant's second claim of error is that the evidence was insufficient to permit the award of damages to the plaintiff. Specifically, the defendant contends that the plaintiff presented no evidence on the value of its services. "Once again, this court is compelled to state, what has become a tired refrain, we do not retry the facts or evaluate the credibility of witnesses." *Bowman* v. *Williams,* 5 Conn. App. 235, 238, 497 A.2d 1015 (1985), cert. dismissed, 201 Conn. 366, 516 A.2d 1351 (1986), and cases cited therein. We find that there was sufficient evidence, if believed by the jury, to award damages to the plaintiff.

There is no error.

In this opinion the other judges concurred.

---

[1] We note that the interrogatories answered by the jury in this case aided the trial court in determining what the proper verdict should be. Our Supreme Court has held that, "[t]he purpose of interrogatories is to elicit 'a determination of material facts, [and] to furnish the means of testing the correctness of the verdict rendered, and of ascertaining its extent.' " *Ubysz* v. *DiPietro,* 185 Conn. 47, 62, 440 A.2d 830 (1981), quoting *Gaulton* v. *Reno Paint & Wallpaper Co.,* 177 Conn. 121, 125, 412 A.2d 311 (1979). In response to interrogatories submitted to it by the defendant in this case, the jury stated that the "Agreement [between the parties] was to perform any and all services required to obtain subdivision for the property in question." It is clear from this response that the jury determined that the contract was an agreement to perform services, not one which guaranteed any specific results.