ELAINE S. HORELIK ET AL. *v.* BARBARA P. ROTH, EXECUTRIX (ESTATE OF ROBERT E. ROTH) (5896)

SPALLONE, DALY and NORCOTT, Js.

Argued March 8—decision released August 23, 1988

*James M. Nugent,* with whom, on the brief, was *Ira B. Charmoy,* for the appellant (defendant).

*Jay M. Dulberg,* for the appellees (plaintiffs).

DALY, J. The plaintiffs instituted an action for conversion against the solvent estate of the defendant's decedent. From the judgment rendered in accordance with a report by an attorney trial referee in favor of the plaintiffs, the defendant has appealed claiming that the trial court erred (1) in concluding that the action was properly commenced, (2) in improperly admitting into evidence a letter written by the defendant's former counsel, and (3) in finding a conversion by the estate.

The facts are undisputed. The plaintiff Horley's, Inc., is a corporation owned by Daniel Horelik and Kevin Brawley. Elaine Horelik, the mother of Daniel Horelik, was employed as the bookkeeper for the company. Robert Roth, an accountant of the company and an officer and financial advisor of the Baudex Corporation, suggested to the plaintiffs that they invest in Baudex. In June and July, 1982, Horelik gave Roth checks totaling $10,000 and Horley's, Inc., gave him checks totaling $6500 in order to purchase shares of stock that Roth had supposedly owned. Unknown to the plaintiffs, Roth had executed a restricted stock purchase agreement with Baudex that prevented him from selling any shares until Baudex exercised its right of first refusal. Roth died testate on October 29, 1982, without having delivered any Baudex stock and without having returned any money.

The plaintiffs commenced a two count action on June 23, 1983. The defendant filed an amended answer

dated October 25, 1983, alleging as special defenses that the claims were barred by General Statutes §§ 45-213 and 45-205 (b) since they had not been presented to the estate within the time prescribed. On February 10, 1984, the plaintiffs filed an amended complaint adding third and fourth counts alleging that on or about November 17, 1983, the plaintiffs had presented their claims, which were, subsequently, disallowed.[1] The defendant filed an answer to the amended complaint on April 19, 1984, alleging by way of special defense that the plaintiffs had prematurely instituted this action before they filed their claims as required by General Statutes § 45-205 (a).[2]

At the hearing, the defendant moved to dismiss the action maintaining that in contravention of General Statutes § 45-210 (a) the suit was commenced prior to the presentation of the claims and that they had not been disallowed.[3] The attorney trial referee submitted his report dated September 30, 1986, and found, inter alia, that the claim was grounded in tort and disallowance was not required.[4] In his report, the attorney referee concluded that the plaintiffs had complied with General Statutes § 45-210 (d), that Roth had wrongfully

[1] The Probate Court for the district of Westport extended the time to present claims to December 12, 1983.

[2] General Statutes § 45-205 (a) provides: "The court of probate may order the citation of the creditors of the deceased whose estate is in settlement before it to bring in their claims against such estate within such time,,not more than twelve months nor less than three months, from the date of such order, as it limits, by publishing a notice to that effect in a newspaper having a circulation in the probate district in which such estate is in settlement and by such further notice as the court deems necessary."

[3] General Statutes § 45-210 (a) provides: "A creditor of any deceased person whose estate is in process of settlement as a solvent estate shall not commence a suit against a fiduciary of the estate within the period allowed by the court for the presentation of claims against the estate, unless written notice of a total or partial disallowance of his claim has been given by the fiduciary of the estate."

[4] The attorney trial referee also concluded that a letter from the former attorney of the defendant established a disallowance.

converted the money and, hence, that the plaintiffs were entitled to the return of the money plus interest. Judgment was rendered in accordance with the recommendation.

In the first claim of error, the defendant argues that the attorney trial referee erred in concluding that the action was commenced properly. Specifically, the defendant alleges that under General Statutes § 45-210 (b), an action can be brought against a fiduciary only upon disallowance of a written claim. We find that this claim of error is frivolous. This case is illustrative of the defendant's transformation of the statutes into an obstacle course to avoid payment of the claim. The purpose of the nonclaim statute is to provide for expeditious administration of estates by requiring claims to be made timely, not for avoiding claims. First, the claim is clearly brought in tort. Conversion lies where one in originally rightful possession subsequently refuses to return the property to the true owner. *Coleman* v. *Francis,* 102 Conn. 612, 616, 129 A. 718 (1925); *Luciani* v. *Stop & Shop Cos.,* 15 Conn. App. 407, 410, 544 A.2d 1238 (1988). Moreover, General Statutes § 45-210 (d) is applicable to claims sounding in conversion. *Spencer* v. *Marshall,* 3 Conn. Cir. Ct. 516, 518, 218 A.2d 387 (1965). Second, there was evidence produced that the claim was disallowed. A letter[5] from the defendant's

---

[5]

"December 22, 1982

Ms. Elaine S. Horelik
6 Hen Hawk Lane
Westport, CT 06880
  Dear Ms. Horelik:
  We are in receipt of your letter dated December 15, 1982, and the enclosures therein. Please be advised that after we receive the cancelled check from you, we will be able to arrange for repayment as soon as the life insurance proceeds are paid to Mrs. Roth. Such repayment will obviate any obligation by the Roths to provide Baudex stock to you.
  Thank you for your patience concerning this matter and if you have any questions, please contact either myself or Mr. Neufeld at these offices.
          Sincerely,
          Jan A. Marcus"

former counsel clearly establishes that the notice was given. Although the defendant, at trial, argued that this letter constituted an "allowance" of the plaintiff's claims, the facts and circumstances of the case demonstrate that it was a disallowance.

The defendant's second claim of error is that the attorney trial referee improperly admitted into evidence a letter written by the defendant's former counsel.[6] The defendant argues that the letter was clearly hearsay and should not have been admitted. We disagree.

The letter written by the attorney for the defendant was properly admitted for two reasons. First, the letter did not constitute hearsay because it was not offered to prove the truth of the matter asserted. See B. Holden & J. Daly, Connecticut Evidence § 93a. The significance of the letter was not to prove the promise that payment would be forthcoming, but to prove that the plaintiffs had given written notice of their claims to the defendant in accordance with General Statutes § 45-210 (d). Second, even if one were to find that the letter constituted hearsay, it fell within the exception of an admission of a party opponent. "The general rule is that admissions, if relevant and material, made by an attorney incidental to the general authority of the attorney to represent his client in connection with and for the purpose of controlling the matter committed to him, are admissible against the client." *Collens* v. *New Canaan Water Co.,* 155 Conn. 477, 496, 234 A.2d 825 (1967).

In the final issue, the defendant claims that the trial court incorrectly concluded that the decedent converted the plaintiffs' funds. "An examination of the sufficiency of the evidence requires this court to make a bifurcated analysis. *State* v. *Baskins,* 12 Conn. App. 313, 316, 530

---

[6] See footnote 5 supra.

A.2d 633 (1987). First, we review the record and construe it in a light most favorable to sustaining the verdict. *State* v. *Cimino,* 194 Conn. 210, 211, 478 A.2d 1005 (1984); *State* v. *Waterman,* 7 Conn. App. 326, 338, 509 A.2d 518 (1986)." Second, we determine whether the trial court could reasonably have concluded as it did. *Kaspar Associates, Inc.* v. *Esposito,* 13 Conn. App. 508, 511, 537 A.2d 536 (1988). "There are two general classes into which conversions are grouped: (1) those where the possession is originally wrongful, and (2) those where it is rightful. . . . The second class comprises those where the possession, originally rightful, becomes wrongful by a wrongful detention." *Coleman* v. *Francis,* 102 Conn. 612, 615, 129 A. 718 (1925); see also *Luciani* v. *Stop & Shop Cos.,* supra. The record adequately supports the attorney trial referee's conclusion that the defendant's decedent had converted the plaintiffs' funds where possession was originally rightful.

There is no error.

In this opinion the other judges concurred.