******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BICH-HA HENRIETTE RIEFFEL ET AL. *v.*
PENELOPE D. JOHNSTON-FOOTE ET AL.
(AC 37762)

Keller, Mullins and Pellegrino, Js.

*Argued February 29—officially released May 10, 2016*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Hon. Taggart D. Adams, judge
trial referee.)

*Peter M. Ryan*, for the appellants (plaintiffs).

*Brian J. Farrell, Jr.*, for the appellees (named defendant et al.).

*Kelley Franco Throop*, for the appellees (defendant
Diane Jones et al.).

*Douglas R. Steinmetz*, for the appellees (defendant
Dan Tredwell et al.).

*Peter E. DeMartini*, with whom, on the brief, was
*Charles A. Deluca*, for the appellees (defendant Daniel
W. Moger, Jr., et al.).

*Opinion*

PER CURIAM. The plaintiffs, Bich-Ha Henriette Rieffel and Marc A. Rieffel, appeal from the summary judgment rendered on their complaint in favor of the defendants, Penelope D. Johnston-Foote, Rayh Foote, also known as Ray Foote, Diane Jones, Michael B. Jones, Dan Tredwell, Lucinda Tredwell, Sue Baker, Attorney Daniel W. Moger, Jr., Daniel W. Moger, LLC, the Penelope Johnston-Foote Family Qualified Personal Residence Trust (trust), and LWT Associates, LLC (LLC).[1] In their complaint, the plaintiffs sought damages for vexatious litigation and abuse of process against several of their neighbors individually (Johnston-Foote, Foote, the Tredwells, the Joneses, and Baker), the owners of property on which certain neighbors resided (the trust and the LLC), the neighbors' attorney (Moger) and his law firm (Daniel W. Moger, LLC), for having filed a forcible entry and detainer action against the plaintiffs, which subsequently was withdrawn.[2] On appeal, the plaintiffs claim that in rendering summary judgment in the defendants' favor the court improperly concluded that (1) the attorney defendants had probable cause to pursue the underlying forcible entry and detainer action; (2) the affidavits of several of the neighbor defendants were competent evidence of their special defense to the vexatious litigation counts of reliance on the advice of counsel; (3) the trust and the LLC were not properly named as defendants because they were not parties to the underlying forcible entry and detainer action; and (4) the defendants' pursuit of the underlying action was not an abuse of process because the exclusive remedy available to the neighbor defendants was an action to quiet title. We affirm the judgment of the trial court.

Evidence of the following facts appears in the record. The plaintiffs and the individual neighbor defendants all live in a secluded neighborhood on a private road, known as Thrushwood Road, off of Indian Head Road in the Riverside section of Greenwich. An unnamed right-of-way and a portion of Thrushwood Road are located on the land of the plaintiffs. For purposes of the summary judgment action and this appeal, rights of ingress and egress to the respective residences of the individual neighbor defendants over the unnamed right-of-way and Thrushwood Road are conceded by the plaintiffs. Near the head of Thrushwood Road, a small open shed or wooden stanchion, located on the plaintiffs' property, contained the mailbox of the plaintiffs and four mailboxes of the individual neighbor defendants. The individual neighbor defendants' mailboxes had existed at this particular location for periods of time ranging from ten years to more than forty years.

In an undated letter addressed to "Dear Neighbors," Bich-Ha Henriette Rieffel demanded that the individual neighbor defendants remove the stanchion and their

mailboxes on or before November 27, 2012. On or about December 10, 2012, the plaintiffs served several of the neighbor defendants with a "Notice of Termination of License," informing them that their "license and privilege to maintain a mailbox . . . on the property owned by [the plaintiffs] . . . is hereby terminated . . . ." The notice advised the neighbor defendants that their license terminated as of December 17, 2012, and that the mailboxes and the stanchion should be removed by the close of the business day on that date.

The individual neighbor defendants objected to the plaintiffs' demands and retained Moger in December, 2012, to protect their interests. Between December 17, 2012, and January 8, 2013, counsel for the plaintiffs and Moger exchanged correspondence regarding the dispute. On or about January 25, 2013, the plaintiffs removed the four mailboxes and the stanchion; the mailboxes of the individual neighbor defendants were left in the driveways of their respective properties. After Moger recommended to his clients the institution of a forcible entry and detainer action pursuant to General Statutes § 47a-43, the individual neighbor defendants authorized the action against the plaintiffs. An unsigned summons and complaint was presented to a judge, who signed the summons on January 29, 2013. Service subsequently was made on the plaintiffs. A court date of February 7, 2013, was set at the housing session of the Superior Court in Norwalk. On that date, the housing court judge apparently expressed some doubts about the strength of the case, and the plaintiffs filed a motion for summary judgment. Another court date was set, but, after consulting with his clients, Moger withdrew the entry and detainer action on February 19, 2013.[3]

On August 6, 2013, the plaintiffs commenced this action against the attorney defendants and the individual neighbor defendants who had been plaintiffs in the forcible entry and detainer action. In addition, the trust and the LLC were named as defendants although they were not parties to the forcible entry and detainer action. The complaint contained twenty-four counts. Each of the individual neighbor defendants, the trust, and the LLC were sued for common-law vexatious litigation, statutory vexatious litigation pursuant to both General Statutes § 52-568 (1) and (2),[4] common-law abuse of process, and common-law abuse of process with malice.[5] The attorney defendants were sued for common-law vexatious litigation, statutory vexatious litigation pursuant to § 52-568 (1) and (2), and common-law abuse of process.

All of the defendants filed answers denying the essential allegations of the plaintiffs' complaint. The neighbor defendants all pleaded the special defense of reliance upon the advice of counsel. Subsequently, all of the defendants filed motions for summary judgment accompanied by supporting memoranda of law and affidavits.

The attorney defendants also annexed exhibits to their motion, on which, in addition to Moger's affidavit, the neighbor defendants additionally relied. The plaintiffs responded, objecting to the granting of summary judgment, with memoranda and counteraffirmations.[6]

The court, by memorandum of decision,[7] granted the motion for summary judgment filed by the attorney defendants after determining that the evidence presented by the parties, when viewed in the light most favorable to the plaintiffs, failed to establish a genuine issue as to any material fact and that, as a result, the attorney defendants were entitled to judgment in their favor as a matter of law. The court first determined that the evidence did not reveal the existence of a genuine issue of material fact with respect to whether the attorney defendants had probable cause to recommend to clients and to commence the forcible entry and detainer action against the plaintiffs. On the basis of the evidence before it, the court determined that such probable cause existed. The court stated that "[t]he existence of probable cause eliminates the major necessary predicate for the various vexatious suit claims asserted by the plaintiffs . . . ."[8] Next, the court determined that the evidence demonstrated that the attorney defendants did not abuse process because the forcible entry and detainer action was not instituted for a purpose for which such an action was not designed, thereby rejecting the plaintiffs' claim that the attorney defendants actually intended to bring a quiet title action. The court determined that what was sought only was the retention of the neighbor defendants' claimed possessory rights to their mailboxes.[9] Further, the court determined that the plaintiffs, in their abuse of process claims against the attorney defendants, had failed to allege or prove that the attorney defendants engaged in specific misconduct intended to cause specific injury outside the normal contemplation of private litigation.[10]

With respect to the motions for summary judgment filed by the neighbor defendants, the court, in a separate memorandum of decision, determined that the evidence presented by the parties, when viewed in the light most favorable to the plaintiffs, failed to establish a genuine issue as to any material fact and that, as a matter of law, the neighbor defendants were entitled to judgment in their favor. The court determined that the evidence demonstrated that the neighbor defendants had provided Moger with any and all facts concerning the mailboxes, including their removal and placement on their properties, and that there was no evidentiary support for the plaintiffs' claim that the neighbor defendants' disclosure of facts to Moger was less than candid or incomplete.[11] The court further concluded that Bich-Ha Henriette Rieffel's affirmation, which she filed in response to the neighbor defendants' motions for summary judgment, did not give rise to an issue of material fact with respect to her assertion of bad faith or malice

against the neighbor defendants attributable to the removal of the mailboxes.

On the basis of its assessment of the submissions before the court, the court then determined that the neighbor defendants had established the essential elements of their special defense of advice of counsel to the vexatious litigation claims of the plaintiffs. Finally, the court determined that the individual neighbor defendants did not abuse process because they did not bring their action to settle or quiet title, as the plaintiffs asserted, and therefore did not use legal process against the plaintiffs primarily to accomplish a purpose for which it was not designed. The court rejected the plaintiffs' assertion that the only appropriate legal action was a quiet title action pursuant to § 47-31 and that, as it had discussed in its decision on the attorney defendants' motion for summary judgment, the forcible entry and detainer action was not clearly a frivolous claim. In rendering summary judgment in favor of the trust and the LLC, the court observed that there was no support for the plaintiffs' claims that, along with the individual neighbor defendants, the trust and the LLC had initiated the underlying forcible entry and detainer action against the plaintiffs.[12]

As previously stated, the plaintiffs claim on appeal that in rendering summary judgment in the defendants' favor, the court improperly concluded that (1) the attorney defendants had probable cause to pursue the underlying forcible entry and detainer action; (2) the affidavits of the individual neighbor defendants were competent evidence of their special defense to the vexatious litigation counts of advice of counsel; (3) the trust and the LLC were not properly named as defendants because they were not parties to the underlying forcible entry and detainer action; and (4) the defendants' pursuit of the underlying action was not an abuse of process because the exclusive remedy available to the neighbor defendants was an action to quiet title.

Our standard of review of a trial court's ruling on a motion for summary judgment is well established. "Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue.

. . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Citation omitted; internal quotations marks omitted.) *Bonington* v. *Westport*, 297 Conn. 297, 305, 999 A.2d 700 (2010).

After a careful examination of the record, including a consideration of the comprehensive briefs and arguments of the parties, we conclude in accordance with the standard of review set forth previously in this opinion that the court did not err in granting the defendants' motions for summary judgment.[13] Because the court's memoranda of decision fully address the arguments raised in the present appeal, we adopt its thorough and well reasoned decisions as a proper statement of the facts and the applicable law on these issues. See *Rieffel* v. *Johnston-Foote*, 165 Conn. App. 401, 412,      A.3d      (2015) (appendices). It would serve no useful purpose for this court to repeat the analysis contained in the trial court's decisions. *Riley* v. *Pierson*, 126 Conn. App. 486, 492, 12 A.3d 581 (2011).

The judgment is affirmed.

[1] For purposes of this appeal, we refer to Johnston-Foote, Foote, the Tredwells, the Joneses, Baker, the trust, and the LLC as the neighbor defendants. We refer to Moger and his law firm as the attorney defendants. The owner of the property on which Johnston-Foote and Foote resided was the trust. The owner of the property on which the Tredwells resided was the LLC.

[2] General Statutes § 47a-43 provides in relevant part: "(a) When any person (1) makes forcible entry into any land, tenement or dwelling unit and with a strong hand detains the same, or (2) having made a peaceable entry, without the consent of the actual possessor, holds and detains the same with force and strong hand, or (3) enters into any land, tenement or dwelling unit and causes damage to the premises or damage to or removal of or detention of the personal property of the possessor, or (4) when the party put out of possession would be required to cause damage to the premises or commit a breach of the peace in order to regain possession, the party thus ejected, held out of possession, or suffering damage may exhibit his complaint to any judge of the Superior Court.

"(b) Such judge shall forthwith issue a summons to the party complained of . . . to answer to the matters contained in the complaint. . . ."

[3] At oral argument before this court, Attorney Brian J. Farrell, Jr., representing Johnston-Foote, Foote and the trust, indicated that all of the offending mailboxes have been relocated and are no longer on the plaintiffs' property and that, other than this appeal, no cause of action concerning this dispute is pending.

[4] General Statutes § 52-568 provides: "Any person who commences and prosecutes any civil action or complaint against another, in his own name or the name of others, or asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages."

[5] "An action for abuse of process lies against any person using a legal process against another in an improper manner or [primarily] to accomplish a purpose for which it was not designed. . . . Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, § 682, emphasizes that the gravamen of the action for abuse of process is the use of a legal process . . . against another *primarily* to accomplish a

purpose for which it is not designed . . . . Comment b to § 682 explains that the addition of primarily [to this definition] is meant to exclude liability when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Mozzochi* v. *Beck*, 204 Conn. 490, 494, 529 A.2d 171 (1987). Where an abuse of process claim is brought against an attorney, the standard is heightened in order to balance "the attorney's primary duty of robust representation of the interests of his or her client." Id., 497. Specifically, in order to prevail on an abuse of process claim against an attorney, the plaintiff must allege "specific misconduct intended to cause specific injury outside of the normal contemplation of private litigation." Id. We find no authority distinguishing an abuse of process claim from an abuse of process claim with malice, and the nature of the damages sought by the plaintiffs under all of their abuse of process counts, with and without malice, is substantively the same.

[6] In rendering its decision, the court noted: "In all, the proliferation of memoranda, affidavits and exhibits, and changes and substitutions thereto, has made it extraordinarily difficult for the court, relying on only the electronic file used in the Superior Court, to separate the wheat from the chaff."

[7] The court issued two memoranda of decision on February 19, 2015. One addressed the four motions for summary judgment filed on behalf of the neighbor defendants. The other addressed the motion for summary judgment filed on behalf of the attorney defendants.

[8] The court found that Moger had relied heavily on *Evans* v. *Weissberg*, 87 Conn. App. 180, 866 A.2d 667 (2005), and *Bowman* v. *Williams*, 5 Conn. App. 235, 497 A.2d 1015 (1985), appeal dismissed, 201 Conn. 366, 516 A.2d 1351 (1986). The court concluded that *Bowman* provided a reasonable basis for Moger to consider bringing the entry and detainer action against the plaintiffs. Despite the plaintiffs' focus on the impropriety of the defendants' use of an action for forcible entry and detainer under these circumstances, the court was not required to decide the merits of the underlying forcible entry and detainer action in considering these motions for summary judgment. If, on the basis of the facts known to the attorney defendants, the filing of the prior action was objectively reasonable, the court necessarily determined that the litigation the plaintiffs were subject to was not unjustified. The following rationale is persuasive: "When the court has made such a determination, there is no persuasive reason to allow the plaintiff to go forward with its tort action even if it can show that its adversary's attorney did not perform as thorough an investigation or as complete a legal research job as a reasonable attorney may have conducted. Permitting recovery on such a basis would provide the plaintiff with a windfall; since the prior action was objectively tenable, the plaintiff could properly have been put to the very same burden of defense if its adversary had simply hired more thorough counsel." *Rockwell* v. *Rockwell*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-13-5010935-S (October 14, 2015) (*Stevens, J.*) (61 Conn. L. Rptr. 98, 101), quoting *Sheldon Appel Co.* v. *Albert & Oliker*, 47 Cal. 3d 863, 883, 765 P.2d 498, 254 Cal. Rptr. 336 (1989).

[9] In Moger's affidavit, he averred that after the plaintiffs took the action of removing the stanchion and the mailboxes, his sole, immediate concern was restoring the ability of his clients to collect their mail in their usual manner and that he had not intended to file an action to quiet title.

[10] The amended complaint in no way distinguishes between the costs and benefits ordinarily associated with the pursuit of litigation and the burdens that the defendants in this case allegedly improperly inflicted upon the plaintiffs. See *Mozzochi* v. *Beck*, 204 Conn. 490, 497–98, 529 A.2d 171 (1987).

[11] The affidavits of the individual neighbor defendants that were submitted to the court by the neighbor defendants, Moger's affidavit, and the correspondence between the plaintiffs' counsel and Moger prior to the initiation of the underlying forcible entry and detainer action all support the court's finding that all material facts concerning the mailbox dispute had been disclosed to and discussed with Moger. The plaintiffs have made the conclusory assertion that the neighbor defendants did not convey to Moger all of the material facts, but the plaintiffs failed to point to any material omission or misstatement of fact made by any of the neighbor defendants in their discussions with Moger.

[12] Although the court, in a few instances, referred to its "dismissal" of the plaintiffs' claims, its judgment clearly grants the defendants' motions for summary judgment on all of the plaintiffs' claims. The plaintiffs have appealed from the granting of those motions.