[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE TWO MOTIONS FOR SUMMARY JUDGMENT 
On March 26, 2001, the plaintiffs, Dana and David Evans, filed a complaint against the defendants, Testa Development Associates, LLC (Testa Development), Sebastian Testa and Glenn T. Terk. The complaint was brought in three counts sounding in statutory vexatious litigation under General Statutes § 52-568 (1),[1] statutory vexatious litigation under § 52-568 (2) and common law vexatious litigation, respectively. The present claim for vexatious litigation arises out of a prior action brought by Testa Development against the plaintiffs sounding in negligence, tortious interference with business relationships and vexatious litigation. See Testa Development Associates, LLC v. Evans,
Superior Court, judicial district of Hartford, Docket No. 801426 (Plaintiffs' Memorandum, Exhibit B.).
The prior action arose out of the following facts: on or about May 1, 2000, Testa Development submitted to the Glastonbury planning and zoning commission (commission) an application for a five lot subdivision on a parcel of land and an application for special permits for the creation of five rear lots on a parcel of land in Glastonbury, Connecticut. The proposed development bordered land owned by the plaintiffs. On or about July 18, 2000, the commission approved the applications for the proposed development. On or about August 1, 2000, the plaintiffs filed an appeal of the commission's decision with the Superior Court bearing docket number 800767. On or about August 15, 2000, while the appeal was pending, Testa Development filed the prior action against the plaintiffs. On or about December 27, 2000, the plaintiffs filed a motion for summary judgment in the prior action, which was granted on or about January 25, 2001. The plaintiffs then commenced the present action.
On May 18, 2001, the plaintiffs requested a prejudgment remedy. On July 24, 2001, a prejudgment remedy hearing was heard by the court, Bryant,J. On September 26, 2001, the court, Bryant, J., granted the plaintiffs' request for a prejudgment remedy. On October 31, 2001, the plaintiffs filed a motion for summary judgment against Testa Development and Terk as to count one of the complaint with a supporting memorandum of law. On November 30, 2001, Testa Development and Testa filed their own motion for CT Page 3807 summary judgment with a memorandum of law, which memorandum functions both as support for their motion and as an opposition to the plaintiffs' motion for summary judgment.
Similarly, on December 6, 2001, Terk filed his own motion for summary judgment with a memorandum functioning both as support for his motion and as an opposition to the plaintiffs' motion for summary judgment. The plaintiffs' motion for summary judgment was scheduled on the short calendar on December 10, 2001, and was argued on that date. The defendants' motions for summary judgment have not presently been argued. Testa Development's and Testa's motion for summary judgment was marked off the short calendar and has not presently been reclaimed. Terk's motion for summary judgment scheduled for December 24, 2001, was canceled and rescheduled.[2] Thus, this court presently will address only the plaintiffs' motion for summary judgment and the defendants' respective memoranda only insofar as the arguments therein oppose the plaintiffs' motion.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.233 Conn. 732, 751, 660 A.2d 810 (1995). "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Id., 752. "[A] directed verdict may be rendered only where, on the evidence viewed in the light mostfavorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original.) Id.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Id. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v.Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
In the present case, the plaintiffs move for summary judgment against Testa Development and Terk as to count one, statutory vexatious litigation under § 52-568 (1), arguing that the prior suit was CT Page 3808 vexatious as a matter of law relying on the following four arguments to show that no probable cause existed to bring any of the three counts of the prior action: "1) their filing of the Appeal was a legitimate exercise of . . . [their] First Amendment rights to petition their government for redress; 2) there is no recognized cause of action in Connecticut for negligently exercising these rights or for filing an administrative appeal; 3) there can be no cause of action for tortious interference with a business relationship based on a separate lawsuit until that action is resolved in plaintiff's (the instant Defendants) favor and 4) there can be no cause of action for vexatious litigation until the underlying lawsuit is resolved in plaintiff's (the instant Defendants) favor." (Plaintiffs' Memorandum, p. 7.)
To support their arguments, the plaintiffs have submitted several items of evidence including the following: 1) their appeal of the commission's decision to grant the defendants' subdivision applications; 2) the complaint in the prior action; 3) the order of the Appellate Court granting certification to appeal; 4) a letter from the plaintiffs' counsel to Terk demanding the withdrawal of the prior action; 5) a response letter from Terk to the plaintiffs' counsel refusing withdrawal and claiming the appeal was "baseless"; 6) the court's order granting the plaintiffs' motion for summary judgment in the prior action; 7) a bill that the plaintiffs' counsel sent to Terk requesting payment for the plaintiffs' attorney's fees incurred in defending against the prior action; 8) the memorandum of decision of the court, Bryant, J., granting the plaintiffs' prejudgment remedy request in the present case; 9) a copy of F.N. Builders, Inc. v. Yellen, Superior Court, judicial district of Hartford, Docket No. 595749 (August 28, 2000, O'Neill, J.); 10) a copy of F.N. Builders, Inc. v. Yellen, Superior Court, judicial district of Hartford, Docket No. 595749 (May 11, 2000, Stengel, J.); 11) an affidavit of Dana Evans; and 12) an affidavit of David Evans. Testa Development's and Terk's opposition arguments will be addressed separately.
The arguments that Testa Development presents in opposition to the plaintiffs' motion for summary judgment are that: 1) there is no genuine issue of material fact regarding Testa Development's reliance on Terk in commencing the prior action; 2) proper grounds existed to bring the prior lawsuit as a matter of law; 3) the plaintiffs have not proved the existence of malice on the part of Testa Development in commencing the prior action; 4) probable cause existed to bring each count of the prior action; and 5) the Noerr-Pennington doctrine did not deprive Testa Development of probable cause to bring the prior action. Testa Development submitted numerous exhibits of evidence in support of its opposition. The relevant evidence to support Testa Development's opposition to the plaintiffs' motion for summary judgment is Exhibit I, the affidavit of Sebastian Testa, dated November 28, 2001. CT Page 3809
"Advice of counsel is a complete defense to an action of . . . vexatious suit when it is shown that the defendant . . . instituted his civil action relying in good faith on such advice, given after a full and fair statement of all facts within his knowledge, or which he was charged with knowing. The fact that the attorney's advice was unsound or erroneous will not affect the result." Vandersluis v. Weil, 176 Conn. 353,361, 407 A.2d 982 (1978); see also Norse Systems, Inc. v. TingleySystems, Inc., 49 Conn. App. 582, 596, 715 A.2d 807 (1998). "If the doctrine of advice of counsel applies, `it is considered conclusive of the existence of probable cause . . . in an action for vexatious suit.'"Heid v. Lyons, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 338856 (November 16, 2000, Melville, J.).
"[T]he defense [of advice of counsel] has five essential elements. First, the defendant must actually have consulted with legal counsel about his decision to . . . institute a civil action. . . . Second, the consultation with legal counsel must be based on a full and fair disclosure by the defendant of all facts he knew or was charged with knowing concerning the basis for his contemplated . . . action. . . . Third, the lawyer to whom the defendant turns for advice must be one from whom the defendant can reasonably expect to receive an accurate, impartial opinion as to the viability of his claim. . . . The fourth element . . . is, of course, that the defendant, having sought such advice, actually did rely upon it. . . . Fifth and finally, if all other elements of the defense are satisfactorily established, the defendant must show that his reliance on counsel's advice was made in good faith." (Internal quotation marks omitted.) Infante v. Zurich American Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327422 (June 5, 2001, Skolnick J.).
Testa Development offers the affidavit of Sebastian Testa as evidence that Testa Development relied on the advice of counsel in commencing the prior action. Testa attests in pertinent part: "In commencing and prosecuting the Lawsuit, Testa Development, acting through me in my capacity as member/manager, provided Testa Development's counsel, Attorney Glen Terk, with all relevant facts within the knowledge of Testa Development." (Affidavit of Sebastian Testa, November 28, 2001 [Testa Affidavit]. ¶ 8.) "Testa Development relied in good faith on Attorney Terk to determine that a proper basis existed to commence and prosecute the Lawsuit." (Testa Affidavit, ¶ 9.) "Testa Development relied in good faith on Attorney Terk's belief that a proper basis existed to commence and prosecute the Lawsuit." (Testa Affidavit, ¶ 10.) "Testa Development sought only to obtain proper redress for its grievances." (Testa Affidavit, ¶ 11.) CT Page 3810
Based on the evidence of the Testa affidavit, there exists a genuine issue of material fact as to whether Testa Development relied on advice of counsel in commencing the prior lawsuit. Because the existence of the defense of relying on advice of counsel is conclusive on the existence of probable cause, there exists a genuine issue as to whether Testa Development had probable cause to commence the prior action. Accordingly, the plaintiffs have failed to meet their burden of proving that no genuine issue of material fact exists as to whether Testa Development lacked probable cause to commence the prior action, and their motion for summary judgment against Testa Development as to count one will be denied.[3] Because the plaintiffs' motion for summary judgment fails based on Testa Development's evidence that it relied on advice of an attorney in bringing the prior action, it is unnecessary for the court to consider Testa Development's other arguments in opposition to the motion for summary judgment.
The plaintiffs also move for summary judgment as to count one against Terk. The plaintiffs rely on the same arguments and evidence against Terk as they did against Testa Development. Terk sets forth several arguments to establish the existence of a genuine issue of material fact to defeat the plaintiffs' motion. They are: 1) that proper grounds existed for the prior lawsuit as a matter of law; 2) the plaintiffs have not and cannot establish that the prior action was prosecuted with malice; 3) that probable cause existed to support each count of the prior lawsuit; and 4) the prior action was within the purview of the Noerr-Penningtondoctrine, thus providing Terk with immunity in bringing the suit. In support of his opposition, Terk offers two items of evidence: 1) a memorandum of decision of the plaintiffs' appeal to the Superior Court, which affirms the commission's decision to grant Testa Development a subdivision and permits; and 2) his affidavit dated December 5, 2001. In addition, Terk adopts Exhibits A through P attached to Testa Development's and Testa's memorandum. Terk' s arguments will be addressed in the order he presented them to the court
Terk first argues that the plaintiffs have failed to prove that the prior lawsuit was prosecuted with malice. The plaintiffs, however, do not need to prove the existence of malice in order to prevail on a § 52-568
(1) cause of action. Common law vexatious litigation consisted of four elements: "(1) The defendant initiated or procured the institution of civil proceedings against the plaintiff; (2) The civil proceedings have terminated in favor of the plaintiff (3) The defendant acted without probable cause; and (4) The defendant acted with malice, primarily for a purpose other than obtaining civil money damages. . . . All four elements of common law vexatious litigation are found in statutory vexatious litigation. If the first three elements are proven the plaintiff is entitled to statutory double damages. General Statutes § 52-568 (1). CT Page 3811 If the fourth element of malice is proven, the plaintiff is entitled to treble damages. General Statutes § 52-568 (2)." (Citation omitted.)Shea v. Chase Manhattan Bank, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149647 (March 6, 2000, Tierney,J.), aff'd, 64 Conn. App. 624, 781 A.2d 352 (2001).
In the present case, count one of the plaintiffs' complaint for vexatious litigation is brought pursuant to § 52-568 (1). By the clear language of § 52-568, however, proof of malice is only required to recover treble damages under § 52-568 (2). Significantly, Terk only argues that counts two and three should be defeated based on the lack of proof of malice. The plaintiffs, however, only move for summary judgment as to count one. Accordingly, Terk's argument that the plaintiffs' motion for summary judgment should be denied because of lack of proof of malice fails.
Terk next argues that none of the three counts in the prior suit were brought without probable cause. "Whether the facts are sufficient to establish the lack of probable cause is a question ultimately to be determined by the court, but when the facts themselves are disputed, the court may submit the issue of probable cause in the first instance to a jury as a mixed question of fact and law." DeLaurentis v. New Haven,220 Conn. 225, 252-53, 597 A.2d 807 (1991). In the present case, the evidence presented by the plaintiffs is sufficient to establish the lack of probable cause in that the plaintiffs submit evidence of facts within the knowledge of Terk that would not justify a reasonable person in believing that the claims brought in the prior action were valid. Terk submits no evidence denying or disputing these facts. Therefore, based on the lack of factual dispute, the determination of probable cause is properly one for the court.
"For purposes of a vexatious suit action, [t]he legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . . Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of . . . Thus, in the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." (Citations omitted; internal quotation marks omitted.) Id., 256.
In support of their motion for summary judgment, the plaintiffs have provided evidence that all three counts of the prior action were brought without probable cause in light of the plaintiffs' defense under the CT Page 3812Noerr-Pennington doctrine,[4] because there is no cause of action in Connecticut for negligently filing an appeal of a planning and zoning commission's decision and that Terk knew that to recover under tortious interference with business relationships and vexatious litigation claims the prior lawsuit must have terminated in his client's favor. The plaintiffs' evidence establishes that they appealed the commission's decision to the Superior Court. The evidence establishes that Terk instituted an action on behalf of Testa Development in a three count complaint sounding in negligence, tortious interference with business relationships and vexatious litigation, respectively. All three counts arose out of the plaintiffs' act of filing the appeal. The plaintiffs' evidence includes a copy of the decision of the court, Satter, J.,
granting their motion for summary judgment in the prior action. The evidence shows that the court's reasons for granting the motion were that a claim that the plaintiffs negligently filed an appeal of a decision of the commission does not state a cause of action under Connecticut law, and Testa Development's second and third counts, sounding in tortious interference with business relationships and vexatious litigation, both require pleading and proving that the prior lawsuit was resolved in the plaintiff's (Testa Development's) favor. Because the underlying appeal was still pending, the court granted the plaintiffs' motion for summary judgment. It is undisputed that the prior action terminated in the plaintiffs' favor.
The plaintiffs also include as evidence a copy of the decision of the court, Bryant, J., granting the plaintiffs' request for a prejudgment remedy in the present case. The plaintiffs also submitted the decision inF.N. Builders, Inc. v. Yellen supra, Superior Court, Docket No. 595749, in which, as Judge Bryant set forth in the prejudgment remedy decision, "[a]ttorney Terk filed a similar lawsuit alleging negligence, tortious interference with the business relationship and misuse of process for vexatious litigation against other individuals who had appealed a zoning decision while their appeal was still pending. In its decision, the court specifically states that the vexatious litigation count was inadequately pleaded because that cause of action `requires the plaintiff to allege that the previous lawsuit terminated in his favor.'" (See Plaintiffs' Memorandum, Exhibit H, pp. 9-10). Such evidence establishes Terk's prior actual knowledge of the elements required for these causes of action under Connecticut law, having been specifically apprised of such. Terk does not provide any evidence denying or disputing such knowledge.
The plaintiffs also provided evidence that the Noerr-Pennington
doctrine shielded the plaintiffs from any liability. Judge Bryant's prejudgment remedy decision stated "our Appellate Court did adopt the Noerr-Pennington doctrine. Moreover, the appellate court applied Noerr-Pennington immunity from suit to persons appealing the decisions of CT Page 3813 planning and zoning commissions. Zeller v. Consolini, 59 Conn. App. 545,758 A.2d 376 (2000)." (Plaintiffs' Memorandum, Exhibit H, pp. 6-7). Based on the evidence the plaintiffs have submitted, which includes proof of Terk's knowledge that vexatious litigation claims require resolution of the prior cause of action in the plaintiff's favor in order to be successful and Zeller v. Consolini, supra, 545, which offers people such as the plaintiff's Noerr-Pennington immunity for commencing zoning appeals, the Court is of the opinion that no reasonable person, knowing what Terk knew or should have known, would believe in good faith that he had lawful grounds for prosecuting such action. This, combined with Terk's lack of any evidence creating a genuine issue of material fact, shows that the plaintiffs have met their burden of submitting evidence demonstrating the lack of any factual dispute that Terk lacked probable cause to bring the prior lawsuit on Testa Development's behalf
Terk avers in his affidavit that "[i]n filing the lawsuit it was my good faith belief that there was a proper basis to commence and prosecute the lawsuit." (Affidavit of Glen T. Terk, December 5, 2001, ¶ 5.) Notwithstanding the conclusory and self serving nature of such a statement, the test for probable cause to commence a suit is, however, objective. See Vandersluis v. Weil, supra, 176 Conn. 356. Terk's subjective intent is irrelevant as a reasonable attorney with the knowledge that Terk had, as shown by the plaintiffs' evidence, would have known there was no probable cause to initiate suit against the plaintiffs based on their appeal from the commission's decision. Accordingly, the plaintiffs' motion for summary judgment against Terk as to count one will be granted.[5]
Even if the plaintiffs' Noerr-Pennington immunity in the prior case did not deprive Testa Development's claims of probable cause, counts two and three of the prior suit individually lacked probable cause. The plaintiffs argue that the tortious interference with business relationships and vexatious litigation counts in the prior action lacked probable cause because a litigant cannot bring these types of actions unless the underlying suit has terminated in his favor. Terk's counter argument relies on the theory that there are two lines of thought in Connecticut with regard to commencing tortious interference with business relationships and vexatious litigation actions prior to favorable resolution in the party's favor. Terk asserts that the first line of thought is the "majority view" requiring the underlying action to have terminated in the plaintiffs' favor. Terk also asserts that the "second school of thought is that vexatious litigation actions may be brought before termination of the underlying litigation and should be stayed until that litigation has terminated." (Terk's Memorandum, p. 9.) The majority view, of course, is the well settled law in Connecticut. SeeQSP, Inc. v. Aetna Casualty Surety Co., 256 Conn. 343, 361, 773 A.2d 906
CT Page 3814 (2001); DeLaurentis v. New Haven, supra, 220 Conn. 248; Vandersluis v.Weil, supra, 176 Conn. 356; see also Blake v. Levy, 191 Conn. 257, 263,464 A.2d 52 (1983) ("In suits for vexatious litigation [and tortious interference with business relationships], it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor. This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts.").
Under the holdings of the aforementioned Supreme Court and Appellate Court cases, Connecticut law only allows vexatious litigation and tortious interference with business relationships actions when the prior lawsuit has terminated in the plaintiff's favor. It is undisputed that Terk initiated the prior vexatious litigation and tortious interference with business relationships counts prior to a favorable resolution of the prior action in Testa Development's favor. It is also undisputed that Terk had actual knowledge that favorable resolution of the prior action is a necessary element of each cause of action. "[A]s stated by Lord Mansfield . . . [i]f a man prefers an indictment containing several charges, whereof for some there is, and for others there is not probable cause, this will support a count for preferring that indictment without probable cause. . . . We agree with those courts that have applied the same proposition in the civil context." (Citations omitted; internal quotation marks omitted.) DeLaurentis v. New Haven, supra, 220 Conn. 253-54. With this statement, the Supreme Court has thus stated that only one count out of a multi-count complaint need be brought without probable cause for a subsequent vexatious litigation suit to lie. The plaintiffs' motion for summary judgment as to count one against Terk should be granted because the plaintiffs have established that no genuine issue of fact exists that Terk lacked probable cause to bring at least two of the three counts of Testa Development's prior action and that the prior action terminated in the plaintiffs' favor.
Finally, Terk argues that the prior lawsuit was within the purview of the Noerr-Pennington doctrine and thus Terk is immune from liability in the present case. Terk fails to assert, however, how the prior action sounding in negligence, tortious interference with business relationships and vexatious litigation falls within Noerr-Pennington immunity. "[A]lthough the Noerr-Pennington defense is most often asserted against antitrust claims, it is equally applicable to many types of claims which seek to assign liability on the basis of the defendant's exercise of its first amendment rights." (Internal quotation marks omitted.) Zeller v.Consolini, supra, 59 Conn. App. 551. Here, Terk fails to argue or offer any evidence to establish that the prior suit, sounding in three common law claims, falls within any first amendment right to petition the government. The prior action does not fall within the Noerr-Pennington
CT Page 3815 doctrine and this defense is not available to Terk.
The plaintiffs have submitted sufficient evidence to prove that Terk commenced the prior action without probable cause. Here, Terk did not meet his burden of offering any evidence to raise a genuine issue of material fact. Terk merely offers an affidavit, wherein he makes the conclusory and self-serving averment that he brought the prior action in good faith. The plaintiffs' motion for summary judgment against Terk as to count one should be granted.
The plaintiffs' motion for summary judgment as to count one is denied as to Testa Development and granted as to Terk.
_____________________ Robert Hale, JTR