PEGGY C. EVANS *v.* JOSEPH WEISSBERG ET AL.
(AC 23893)

Foti, McLachlan and Hennessy, Js.

Argued December 1, 2004—officially released February 1, 2005

*Thomas E. Crosby*, with whom were *Stuart A. Margolis* and, on the brief, *Daniel C. Burns*, for the appellants (defendants).

*John R. Lambert*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this action for entry and detainer, the defendants, Joseph Weissberg and Eleanor Weissberg, appeal from the judgment of the trial court rendered in favor of the plaintiff, Peggy C. Evans. On appeal, the defendants claim that the court improperly found that they had dispossessed the plaintiff of a strip of land along the common boundary of the parties' properties. Specifically, the defendants claim that (1) the plaintiff did not prove that she exercised dominion and control over the disputed strip of land, (2) the plaintiff did not prove that the defendants entered onto the property within her possession and control, and (3) the court's conclusions were not supported by the evidence. We disagree and affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendants' claims. The

plaintiff has been the owner of certain real property located at 68 Prospect Avenue in Guilford since 1978. In 1984, the defendants purchased the lot at 64 Prospect Avenue, which adjoined the plaintiff's property. On one portion of the plaintiff's property is an underground power line, a propane tank, an outdoor shower surrounded by a privacy fence and plants, all of which are used by the plaintiff. In order to access this area of her property, it is necessary for the plaintiff to use a strip of land approximately six feet wide on the northeast side of her property. Subsequent to the defendants' purchase of the adjoining lot, a dispute arose between the parties as to the ownership of the strip of land. Some time between November 13, 2001, and March 23, 2002, the defendants erected a fence on the strip of land, approximately one foot from the plaintiff's house, which interfered with the plaintiff's access to the power line, propane tank, shower and plants. The installation of the defendants' fence also resulted in the removal of the privacy fence surrounding the plaintiff's shower.

On April 2, 2002, the plaintiff initiated this action pursuant to General Statutes § 47a-43 (a),[1] seeking to have her rights in the strip of land restored. Following a trial to the court, the court found that the plaintiff had "proved by a fair preponderance of the evidence that the . . . defendants [had] put the plaintiff out of possession [of the subject land] and the plaintiff would be required to cause damage to the fence or to commit

---

[1] General Statutes § 47a-43 (a) provides in relevant part: "When any person (1) makes forcible entry into any land . . . and with a strong hand detains the same, or (2) having made a peaceable entry, without the consent of the actual possessor, holds and detains the same with force and strong hand, or (3) enters into any land . . . and causes damage to the premises or damage to or removal of or detention of the personal property of the possessor, or (4) when the party put out of possession would be required to cause damage to the premises or commit a breach of the peace in order to regain possession, the party thus ejected, held out of possession, or suffering damage may exhibit his complaint to any judge of the Superior Court."

a breach of [the] peace in order to regain possession . . . ." Accordingly, the court found in favor of the plaintiff and ordered that the defendants remove the fence. This appeal followed.

"The process of entry and detainer is in its nature an action by which one in the possession and enjoyment of any land, tenement or dwelling unit, who has been deprived of it, may be restored to the possession and enjoyment of that property. . . . In an action commenced under the entry and detainer statute, § 47a-43, the plaintiff must show that he was in actual possession of the premises at the time of the defendant's entry. . . . Generally, the inquiry is whether the one claiming actual possession has exercised the dominion and control that owners of like property usually exercise, although it is not necessary to show a continuous personal presence on the land. . . .

"The question of whether the plaintiff was in actual possession at the time of the defendant's entry is one for the trier of fact. . . . Our review of questions of fact is limited to the determination of whether the findings were clearly erroneous. . . . The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) *Murphy, Inc.* v. *Remodeling, Etc., Inc.*, 62 Conn. App. 517, 520–21, 772 A.2d 154, cert. denied, 256 Conn. 916, 773 A.2d 945 (2001).

After thoroughly reviewing the record before us, we conclude that the court was not clearly erroneous in

finding that the defendants dispossessed the plaintiff of the strip of land. There was ample evidence to support the court's findings. The court heard testimony that in order for the plaintiff to access the northeast side of her property, she was required to cross over the disputed strip of land and that when the defendants erected the fence on the strip of land, they interfered with the plaintiff's access to that part of her property. The court also heard testimony that the plaintiff had exercised dominion and control over the strip of land prior to the installation of the fence. The plaintiff testified that she believed that the strip of land was part of her property and that she protested when the defendants had the fence installed. She also testified that she used the land to access her shower and plants, and that the company that serviced her propane tank used the land to access the tank. Furthermore, the plaintiff's husband testified that he maintained the strip of land. As we have noted, it is for the trial court, not this court, to assess the credibility of witnesses. Accordingly, we cannot conclude that the court was clearly erroneous in finding that the plaintiff was in actual possession of the disputed property and that, by erecting the fence, the defendants dispossessed her of the property.

The judgment is affirmed.