THEODORE A. VERSPYCK ET AL. *v.*
MICHAEL J. FRANCO ET AL.
(SC 17160)

Borden, Norcott, Palmer, Vertefeuille and Zarella, Js.

Argued March 8—officially released June 14, 2005

*Robert A. Fuller,* with whom was *Louis Ciccarello,* for the appellants (plaintiffs).

*John Wayne Fox,* with whom were *John J. Louizos* and, on the brief, *Patricia M. Gaug,* for the appellee (defendant Marilyn P. Altsheler).

*Opinion*

NORCOTT, J. The dispositive issue in this certified appeal[1] arising from a vexatious litigation action[2] is whether the Appellate Court properly concluded that the trial court incorrectly rejected the special defense of reliance on the advice of counsel asserted by the defendant Marilyn P. Altsheler.[3] *Verspyck* v. *Franco,* 81 Conn. App. 646, 658, 841 A.2d 267 (2004). The plaintiffs, Theodore A. Verspyck and Patricia J. Verspyck, claim that the Appellate Court incorrectly applied a de novo, rather than a clearly erroneous, standard of review in addressing this issue and, therefore, improperly substituted its own opinion for that of the trial court. The defendant contends otherwise and provides, as an alter-

[1] This court granted the plaintiffs' petition for certification to appeal from the judgment of the Appellate Court limited to the following issue: "In this action for vexatious litigation, did the Appellate Court properly reverse the judgment of the trial court on the ground that the trial court improperly had rejected the defendant Marilyn P. Altsheler's special defense of reliance on the advice of counsel?" *Verspyck* v. *Franco,* 268 Conn. 919, 847 A.2d 314 (2004).

[2] General Statutes § 52-568 provides: "Any person who commences and prosecutes any civil action or complaint against another, in his own name or the name of others, or asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages."

[3] The plaintiffs, Theodore A. Verspyck and Patricia J. Verspyck, initially also named as defendants Altsheler's attorneys, Michael J. Franco and Tiziana M. Scaccia, who accepted the plaintiffs' offer of judgment in the amount of $90,000 following an appearance in court. Accordingly, the counts directed against them were withdrawn, and they are not parties to the present appeal. Hereafter, we refer in this opinion to Marilyn P. Altsheler as the defendant.

nate ground for affirming the Appellate Court's judgment, that the trial court improperly concluded that the defendant lacked probable cause to bring a civil action against the plaintiffs.[4] We conclude that the Appellate Court incorrectly applied a de novo standard of review. Further we decline to address either the alternate ground for affirmance or the adverse rulings against the defendant by the trial court. Accordingly, we reverse the judgment and remand the case to the Appellate Court for consideration of the remaining issues on appeal.

The following facts and procedural history are set forth in the opinion of the Appellate Court. "The plaintiffs . . . filed a two count complaint against the defendant . . . . The complaint alleged that the defendant had brought a federal action against them 'without probable cause, and with a malicious intent unjustly to vex and trouble them.' They sought damages for violation of subdivisions (1) and (2) of [General Statutes] § 52-568.

"The defendant had brought the federal action to contest the validity of a conveyance to the present plaintiffs of property located at 19 Valeview Road in Wilton. The issue she brought to the court was whether a deed of conveyance, signed by only one of two alleged cotrustees of an irrevocable trust, gave the plaintiffs good title to trust property." Id., 648. "The defendant claimed that this deed did not convey good title to the plaintiffs because it lacked the signature of her sister-in-law, a cotrustee.

"The defendant's federal action was based on her interpretation of the terms of an irrevocable trust cre-

---

[4] The defendant also sets forth two adverse rulings on damages to be considered in the event that the Appellate Court's judgment is reversed, namely, that the trial court improperly: (1) construed General Statutes § 52-568 to allow double damages in the absence of a finding of malicious intent; and (2) refused to reduce the plaintiffs' award by the amount of their settlement with the codefendants. We leave the consideration of those issues to the Appellate Court following our remand.

ated in 1955 by Leonard Altsheler and Eleanor Altsheler, the defendant's parents-in-law. Although originally funded only with securities, the trust contemplated that it would include 'all other property, real and personal, which, from time to time, the [settlors] may place under the operation of the trust . . . .' The trust named the defendant's husband, Richard A. Altsheler, and Marilyn M. Altsheler, her sister-in-law, as cotrustees and principal beneficiaries under the trust. The trust was never recorded.

"In 1971, one of the settlors, the defendant's mother-in-law, transferred to the defendant's husband some real property that included the parcel that is the subject of the present litigation. This property was conveyed to 'Richard A. Altsheler, trustee,' for $175,000. Although the sister-in-law attended the closing and served as a witness to the conveyance, her name was not on the deed. The defendant claims that the words 'as trustee' were intended to identify the real property as trust property.

"In 1978, after a subdivision, the defendant's husband conveyed the disputed parcel to the plaintiffs by warranty deed, which he signed as Richard A. Altsheler, trustee. In the deed, her husband retained a right of first refusal with respect to any future sale of the parcel by the plaintiffs. The deed was not signed by the defendant's sister-in-law.

"In 1988, more than nine years after this conveyance, the defendant was appointed as the trust's sole trustee because of the death of her husband. She had been named successor trustee in 1985 after the death of her sister-in law. She was also designated as the trust's sole beneficiary.

"Until April, 1997, neither the defendant nor any one else had ever challenged the validity of the plaintiffs' title to the disputed parcel. At that time, when the plain-

tiffs contemplated sale of the disputed parcel to a third party, a question was raised about whether the defendant might claim a right of first refusal. Relying on the advice of counsel, the defendant did not pursue such a claim.

"In the process of consultation with counsel, the defendant noticed that the 1978 deed from her deceased husband to the plaintiffs was signed only by her husband and not by her sister-in-law, whom the trust had named as cotrustee. This discovery triggered her unsuccessful federal court action against the plaintiffs, the third party purchasers from the plaintiffs, and the financial and real estate institutions that had been involved in the sale of the property. She allegedly acted with the advice of counsel throughout the pursuit of her federal litigation.

"The federal court dismissed the defendant's action for failing to state a claim on which relief could be granted. Without addressing the merits of the defendant's claim under the law of trusts, the court held that [General Statutes] § 47-20[5] gave the defendant's husband statutory authority to uphold the 1978 conveyance of the property to the plaintiffs. The court stated that because the trust had never been memorialized by a 'separate duly executed and recorded instrument,' the plaintiffs were not bound by any trust related restrictions on the husband's power of conveyance." Id., 650–52. "The United States Court of Appeals for the Second Circuit affirmed summarily." Id., 648.

"At the conclusion of the federal proceedings, the plaintiffs brought the vexatious litigation action that is

---

[5] General Statutes § 47-20 provides in relevant part: "The word 'trustee' . . . following the name of the grantee in a duly executed and recorded instrument which conveys . . . real estate or any interest therein . . . do[es] not, in the absence of a separate duly executed and recorded instrument defining the powers of the grantee, affect the right of the grantee to sell, mortgage or otherwise dispose of the real estate or interest therein . . . ."

the subject of this appeal." Id., 652. "In response to the plaintiffs' state court action for vexatious litigation, the defendant filed an answer and special defenses. The centerpiece of her defense was that she did not lack probable cause to bring the federal action because she had relied in good faith on the advice of her attorneys.

"After a court trial, the court rendered judgment in favor of the plaintiffs and awarded them damages of $142,000.[6] Although the court held that the plaintiffs had not established malicious intent on the part of the defendant, it held that she had brought the federal action without probable cause to do so. The court rejected the defendant's special defense of reliance on the advice of counsel on the ground that she had failed to disclose relevant information to counsel." Id., 649.

Thereafter, the defendant appealed from the judgment of the trial court to the Appellate Court, contending, inter alia, that the trial court improperly concluded that the defendant had failed to prove her special defense because: (1) she did not have ready access to the files containing her sister-in-law's letter of resignation as cotrustee; and (2) there was no evidence that the defendant had any reason to suspect the resignation and, therefore, to investigate. The Appellate Court agreed, and reversed the judgment of the trial court with direction to render judgment for the defendant. Id., 658. It concluded that the trial court improperly determined that the defendant could not rely on an advice of counsel defense because none of the information that the trial court found the defendant to have withheld had made any demonstrated impact on her counsel's decision to move forward with the federal action against the plaintiffs. Id. This certified appeal followed.

---

[6] "The court found that the plaintiffs had incurred approximately $71,000 in legal fees in the federal proceedings and doubled that award pursuant to § 52-568 (1)." *Verspyck* v. *Franco*, supra, 81 Conn. App. 649 n.5.

With respect to the sole certified issue in the present appeal, the plaintiffs claim that the Appellate Court improperly applied a plenary, rather than a clearly erroneous, standard of review to the trial court's determination that the defendant had not met her burden of establishing an advice of counsel defense. They contend that the Appellate Court improperly substituted its opinion for that of the trial court, and that the trial court's conclusion is supported by the evidence in the record. In response, the defendant contends that: (1) the Appellate Court's plenary review was proper; and (2) its conclusion would have been the same under a clearly erroneous standard because the trial court's findings were not supported by the evidence in the record. We conclude that the Appellate Court improperly applied the de novo standard of review, and that the trial court's determination was not clearly erroneous.

"Advice of counsel is a complete defense to an action of . . . vexatious suit when it is shown that the defendant . . . instituted his civil action relying in good faith on such advice, given after a full and fair statement of all facts within his knowledge, or which he was charged with knowing." *Vandersluis* v. *Weil*, 176 Conn. 353, 361, 407 A.2d 982 (1978).[7] The defendant has the burden of proof with respect to this special defense. See *Shea* v. *Chase Manhattan Bank, N.A.*, 64 Conn. App. 624, 630, 781 A.2d 352 (2001). Whether there was a full and fair disclosure of material facts as required by the advice of counsel defense is a question of fact; see *Mulligan* v. *Rioux*, 229 Conn. 716, 748, 643 A.2d 1226 (1994) ("jury was free to conclude that the defendants had not made

---

[7] We note that "[a] vexatious suit is [merely] a type of malicious prosecution action, differing principally in that it is based upon a prior civil action, whereas a malicious prosecution suit ordinarily implies a prior criminal complaint. To establish either cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor." *Vandersluis* v. *Weil*, supra, 176 Conn. 356. Accordingly, both types of claims involve common elements as well as defenses.

'a full and fair disclosure' of the material facts within their knowledge to the prosecuting attorneys"); and "[a]ppellate review of findings of fact is limited to deciding whether such findings were clearly erroneous." (Internal quotation marks omitted.) *D'Angelo* v. *McGoldrick*, 239 Conn. 356, 363, 685 A.2d 319 (1996). Accordingly, the Appellate Court should have applied the clearly erroneous standard of review to the trial court's conclusions regarding the defendant's use of the advice of counsel defense, instead of conducting a de novo review of the case.[8]

"A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Sargent* v. *Smith*, 272 Conn. 722, 728–29, 865 A.2d 1129 (2004). "We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached." (Internal quotation marks omitted.) *In re Jeisean M.*, 270 Conn. 382, 397, 852 A.2d 643 (2004).

In its memorandum of decision, the trial court rejected the defendant's reliance on the advice of counsel defense because the court concluded that she had failed to disclose to her attorney all material facts: (1) within her knowledge; or (2) which she was charged with knowing. Specifically, the trial court based its determination that the defendant failed to make a full disclosure on several material pieces of information

---

[8] We recognize, as the defendant points out, that "[t]he existence of probable cause is an absolute protection [from liability for vexatious litigation], and what facts, and whether particular facts, constitute probable cause is always a question of law." (Internal quotation marks omitted.) *Vandersluis* v. *Weil*, supra, 176 Conn. 356. In the present appeal, however, we are dealing solely with the defense of reliance on counsel, and that defense, while similarly dispositive of liability, is not determinative of probable cause.

that she did not reveal to her attorney prior to the initiation of her action against the plaintiffs, namely: (1) her sister-in-law's letter of resignation as cotrustee; and (2) the friendly relationship between her husband and sister-in-law on the one hand, and the plaintiffs on the other. The defendant does not deny failing to disclose this information, of which the Appellate Court agreed she had constructive knowledge from her responsibilities as trustee. See *Verspyck* v. *Franco*, supra, 81 Conn. App. 655. The fact finder, therefore, reasonably could have concluded that she omitted information she was charged with knowing. Similarly, as the letter of resignation, notwithstanding its effectiveness, concerned the subject matter at the very heart of the defendant's allegedly vexatious action against the plaintiffs, namely, whether the defendant's sister-in-law was required to approve the conveyance to the plaintiffs as cotrustee, the fact finder reasonably could have concluded that these omitted facts were material.[9] Therefore, the trial court's conclusion is clearly supported by evidence in the record.

Additionally, the nature and weight of the evidence in the record as a whole do not leave us with a definite and firm conviction that the trial court made a mistake. The defendant contends that the trial court's findings are incorrect in light of the evidence in the record because the trial court improperly: (1) concluded that the defendant had easy access to the file with the resignation letter; (2) failed to excuse the defendant's failure to investigate on the basis of her need to act promptly; and (3) effectively charged her with constructive knowledge of the resignation letter's efficacy, as there was

---

[9] While this court has never specifically defined "material" as it applies in the context of the advice of counsel defense, we have characterized it in the context of probable cause as "facts which would likely be given weight by a person considering the question of probable cause." (Internal quotation marks omitted.) *Ham* v. *Greene*, 248 Conn. 508, 525, 729 A.2d 740, cert. denied, 528 U.S. 929, 120 S. Ct. 326, 145 L. Ed. 2d 254 (1999).

conflicting evidence regarding her sister-in-law's status. The defendant also argues that the letter was never authenticated by testimony as to its effect. We disagree.

Weighing conflicting evidence is a matter solely committed to a fact finder. *State* v. *Butler,* 262 Conn. 167, 179, 810 A.2d 791 (2002). Notwithstanding the difficulty of obtaining the resignation letter, in the present case, even the Appellate Court agreed that, as successor trustee, the defendant had a duty to familiarize herself with the trust. *Verspyck* v. *Franco,* supra, 81 Conn. App. 655. Although the need to act promptly excuses the failure to investigate fully in certain malicious prosecution actions, this justification does not apply to the present case because: (1) the trial court found that the defendant had not acted with malice; and (2) notwithstanding the need to act promptly, "if a reasonable person would investigate further before beginning the prosecution, the defendant . . . will be liable for his or her failure to do so." 52 Am. Jur. 2d 188, Malicious Prosecution § 73 (2000). Accordingly, the trial court properly charged the defendant with constructive knowledge of the *existence* of the resignation letter, which she should have turned over to counsel.

Notwithstanding the defendant's claims to the contrary, she was not charged with knowing which, among competing documents, were conclusive on the question of resignation. Her only obligation was to notify her attorneys about all potentially material documents so that she could then rely on their advice, however erroneous it might have been. See *Vandersluis* v. *Weil,* supra, 176 Conn. 361 (advice of counsel defense does not fail for attorney's error). To the extent that the defendant is raising an evidentiary challenge to the letter as not properly authenticated and, therefore, unreliable as evidence of her failure to disclose all material information, we decline to review her claim because: (1) the defendant made no objection to the introduction of the letter

into evidence at trial; and (2) the claim was incorrectly briefed pursuant to Practice Book § 67-4 (d) (3).[10] Accordingly, the trier of fact was free to determine the weight to be afforded to that evidence,[11] and it concluded that the defendant simply had failed to meet her burden.

The defendant also claims that, even if she had failed to meet her burden as to the special defense, her failure to disclose material information is excused under the circumstances of the present case where she, in good faith, believed that her sister-in-law still was a trustee. She relies on *DeLaurentis* v. *New Haven*, 220 Conn. 225, 258–60, 597 A.2d 807 (1991), for the proposition that a duty to investigate potentially material information for the purposes of the advice of counsel defense arises only where the information is readily attainable and there is reason to believe that certain material facts are inaccurate. We disagree.

In *DeLaurentis* v. *New Haven*, supra, 220 Conn. 257–59, this court concluded that a New Haven mayor, who allegedly had caused a vexatious criminal charge to be filed against his employee after receiving outside accusations of misconduct, confronting the employee with them on several occasions, and receiving no response from the employee, had probable cause to commence the action, notwithstanding his failure to investigate the accusations further. We concluded that

[10] Practice Book § 67-4 (d) (3) provides: "When error is claimed in any evidentiary ruling in a court or jury case, the brief or appendix shall include a verbatim statement of the following: the question or offer of exhibit; the objection and the ground on which it was based; the ground on which the evidence was claimed to be admissible; the answer, if any; and the ruling."

[11] Commentary (a) to § 9-1 (a) of the Connecticut Code of Evidence explains in relevant part that authentication requires only "a preliminary showing of . . . genuineness, i.e., that the proffered item of evidence is what its proponent claims it to be," and not its legal effect. "Once this prima facie showing is made, the evidence may be admitted and the ultimate determination of authenticity rests with the fact finder." Id.

the mayor had exercised sufficient prudence by twice confronting the employee with the accusations; id., 258; and a reasonable good faith belief in the accusations when the employee failed to refute them. Id., 257.

*DeLaurentis* is, however, distinguishable from the present case because it was based on an allegedly vexatious *criminal* action, against which the mayor defended himself by relying on a probable cause defense and *not* an advice of counsel defense. Indeed, reliance on advice of counsel was never raised. Nevertheless, even if we were to apply *DeLaurentis* to the present case, the defendant would not prevail because the equivalent effort in the present action to the mayor's attempts to confront his employee would have been to confront the representative of the defendant's deceased sister-in-law with a question regarding her failure to approve the conveyance to the plaintiffs. The defendant never attempted to investigate the resignation, nor obtain access to the resignation letter by making a request to her husband's former counsel to see the trust file, which she certainly could have done.[12] Therefore, a fact finder reasonably *could* have found that the defendant had failed to meet her burden of proving reliance on the advice of counsel.[13]

---

[12] The defendant maintains that she would not have been able easily to gain access to the trust files because of a soured relationship with her husband's former counsel's partner, who was in possession of the files at the time that she commenced her federal action. Rule 1.16 (d) of the Rules of Professional Conduct, however, requires that an attorney, "[u]pon termination of representation . . . take steps . . . to protect a client's interests, such as . . . surrendering papers and property to which the client is entitled . . . ." Therefore, the attorney had an obligation to turn over the files to the defendant, the successor trustee, upon request. That request, however, was never made.

[13] Comment (f) to § 666 (1) (b) of 3 Restatement (Second), Torts (1977), which explains the duties of a defendant seeking to rely on the advice of counsel defense, provides as follows: "There must be a full disclosure of all matters that a reasonable man would regard as material for the attorney to know in order that he may give a sound opinion. No facts that a reasonable man would regard as material may be suppressed. Not only must the questions of the attorney be fully and fairly answered, but the client must volun-

Moreover, the Appellate Court's reliance on whether the omitted information would have had any impact on counsel's decision to bring the allegedly vexatious action; see *Verspyck* v. *Franco*, supra, 81 Conn. App. 658; is irrelevant in the present case because, as a matter of law, showing an impact on an attorney's ultimate course of action is not an element of the defense of reliance on counsel. Information is material in this context if it is likely to be given weight by a person considering the question of probable cause. *Ham* v. *Greene*, 248 Conn. 508, 525–26, 729 A.2d 740, cert. denied, 528 U.S. 929, 120 S. Ct. 326, 145 L. Ed. 2d 254 (1999). The conclusion that the letter was material is not only reasonable, but, we conclude, inescapable, because it challenged the status of the defendant's sister-in-law as cotrustee, and this status formed the basis for the defendant's federal action against the plaintiffs. The Appellate Court's comments to the contrary regarding the significance of the omitted evidence are speculative.[14] We, therefore, conclude that had the Appellate Court applied the proper standard of review, it necessarily would have affirmed the trial court's determination with

---

teer a sufficiently detailed and accurate statement of what he believes that he knows and what he suspects, together with all exonerating circumstances, to permit intelligent judgment on the part of the attorney. He must, in short, tell the attorney what a reasonable layman would understand to be important in securing honest and informed advice."

[14] In *Verspyck* v. *Franco*, supra, 81 Conn. App. 656, the Appellate Court opined that "counsel could not have been misled by the defendant's failure to disclose the resignation letter. Knowing of the letter, counsel would have been obligated to conduct a comprehensive search of the trust files. If he had done so, he would have discovered the other documents that undermine the significance of the defendant's nondisclosure." There is no evidence that the defendant's counsel would have conducted a comprehensive search or discovered documents undermining the letter's significance. Even if counsel had discovered documents raising questions about the validity of the resignation letter, it is difficult to see how these other documents might render the letter sufficiently insignificant or immaterial so as to excuse its nondisclosure and allow the defendant her defense of reliance on the advice of counsel.

respect to the defendant's use of the advice of counsel defense.

As the correct application of the clearly erroneous standard likely would have changed the result in the present case, the error was not harmless. Accordingly, the Appellate Court improperly reversed the judgment of the trial court on the ground that the trial court incorrectly had rejected the defendant's special defense of reliance on the advice of counsel. Therefore, we reverse the judgment of the Appellate Court with respect to this certified issue and remand the case to the Appellate Court for consideration of the remaining issues on appeal. See footnote 4 of this opinion and accompanying text.

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings according to law.

In this opinion the other justices concurred.