******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

APPENDIX

## BICH-HA HENRIETTE RIEFFEL ET AL. *v.* PENELOPE D. JOHNSTON-FOOTE ET AL.*

Superior Court, Judicial District of Stamford-Norwalk
File No. CV-13-6019381 S

Memorandum filed February 19, 2015

*Proceedings*

Memorandum of decision on motion for summary judgment filed by defendant Daniel W. Moger, Jr., et al. *Motion granted.*

*Peter M. Ryan*, for the plaintiffs.

*Peter E. DeMartini*, for the defendant Daniel W. Moger, Jr., et al.

*Brian J. Farrell, Jr.*, for the named defendant et al.

*Douglas R. Steinmetz*, for the defendant Dan Tredwell et al.

*Kelley Franco Throop*, for the defendant Diane Jones et al.

*Opinion*

HON. TAGGART D. ADAMS, JUDGE TRIAL REFEREE.

I

BACKGROUND

Attorney Daniel W. Moger, Jr., and his business entity, Daniel W. Moger, Jr., LLC (collectively, Moger), have moved for summary judgment dismissing claims of common-law and statutory vexatious litigation, pursuant to General Statutes § 52-568, and abuse of process, contained in the second amended complaint of the plaintiffs. The background of this litigation involves the announcement by the plaintiff Mrs. Bich-Ha Henriette Rieffel of plans to remove a shed or stanchion located on the plaintiffs' property containing the plaintiffs' mailbox and those of five neighboring residences, leaving the appropriate mailbox on each neighbor's driveway, and then carrying out that plan in spite of the unanimous objections of the neighbors. The plaintiffs and the neighbors all own residences on a private road known as Thrushwood Road, off of Indian Head Road, in the Riverside section of Greenwich, Connecticut. The neighbors, all of whom are also defendants in this case, retained Moger to protect their interests. After certain communications between Moger and the plaintiffs' attorney, and the filing by the plaintiffs of a notice of termination of any rights the neighbors had in the former location of their mailboxes (Moger Affidavit, exhibit A-5, found as exhibit A to Docket Entry 157.00), Moger recommended to his clients the institution of a legal action against the plaintiffs pursuant to General Statutes § 47a-43.[1] The neighbors authorized the suit against the plaintiff Mr. Marc A. Rieffel, and Mrs. Rieffel; the unsigned summons and complaint was presented to Judge William J. Wenzel, who signed the summons on January 29, 2013, and that summons and the complaint, signed by Moger, were served on the Rieffels thereafter, and a court date of February 7, 2013, was set at the housing session in Norwalk. On that date, *Hon. Jack L. Grogins*, judge trial referee, apparently expressed some doubts about the strength of the case, and a motion to dismiss was filed on behalf of the Rieffels. Another court date was set, and in the meantime Moger consulted with his clients, and a withdrawal of the entry and detainer case occurred on February 19, 2013.

The Rieffels commenced this action against Moger and the neighbors who were plaintiffs in the entry and detainer case (neighbor defendants). In addition, a family trust and an LLC were named as defendants, although they were not parties to the entry and detainer case. The neighbor defendants have also moved for summary judgment dismissing the claims against them, and those motions are the subject of a separate memorandum of decision.

## SCOPE OF REVIEW

Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Appleton* v. *Board of Education*, 254 Conn. 205, 209, 757 A.2d 1059 (2000). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 751, 660 A.2d 810 (1985). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . ." (Internal quotation marks omitted.) *Appleton* v. *Board of Education*, supra, 209. "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) *United Oil Co.* v. *Urban Development Commission*, 158 Conn. 364, 379, 260 A.2d 596 (1969). The trial court, in the context of a summary judgment motion, may not decide issues of material fact, but only determine whether such genuine issues exist. *Nolan* v. *Borkowski*, 206 Conn. 495, 500, 538 A.2d 1031 (1988).

"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact [question] . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." (Internal quotation marks omitted.) *Maffucci* v. *Royal Park Ltd. Partnership*, 243 Conn. 552, 554, 707 A.2d 15 (1998). "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *Appleton* v. *Board of Education*, supra, 254 Conn. 209; see generally *Sic* v. *Nunan*, 307 Conn. 399, 406, 54 A.3d 553 (2012); *Mott* v. *Wal-Mart Stores East, LP*, 139 Conn. App. 618, 624–25, 57 A.3d 391 (2012).

## III

## DISCUSSION

### A

### Vexatious Litigation

A vexatious litigation claim may be brought under

the common law and pursuant to statute. Section 52-568 provides that a person who "commences and prosecutes" a civil action "without probable cause" shall be liable for double damages, and one who does so without probable cause and "with a malicious intent" shall be liable for treble damages. Under the common law, the claim requires lack of probable cause and malice. The main requirement for a vexatious suit claim, whether statutory or otherwise, is lack of probable cause. Whether the facts establish the existence of probable cause or otherwise, is a question of law. *DeLaurentis* v. *New Haven*, 220 Conn. 225, 252, 597 A.2d 807 (1991). When the facts themselves are disputed, a court may submit the question of probable cause to the jury as a mixed question of fact and law. Id., 252–53.

Probable cause requires "a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." (Internal quotation marks omitted.) *Falls Church Group, Ltd.* v. *Tyler, Cooper & Alcorn, LLP*, 281 Conn. 84, 102, 912 A.2d 1019 (2007), quoting *Wall* v. *Toomey*, 52 Conn. 35, 36 (1884). Probable cause may be present even where a suit lacks merit; even when a suit fails, the plaintiff in a vexatious litigation case must separately show lack of probable cause. *Falls Church Group, Ltd.* v. *Tyler, Cooper & Alcorn, LLP*, supra, 103, citing and quoting from *Roberts* v. *Sentry Life Ins. Co.*, 76 Cal. App. 4th 375, 382, 90 Cal. Rptr. 2d 408 (1999), review denied, 2000 Cal. LEXIS 1059 (February 16, 2000). The rationale for the relatively low standard is to not discourage the willingness of lawyers to challenge precedent and pursue novel theories. *Falls Church Group, Ltd.* v. *Tyler, Cooper & Alcorn, LLP*, supra, 104.

It is not disputed that Moger relied most heavily on two Appellate Court cases in concluding there were grounds for the entry and detainer claim against the Rieffels. In *Evans* v. *Weissberg*, 87 Conn. App. 180, 866 A.2d 667 (2005), the Appellate Court affirmed a Superior Court judgment in favor of a plaintiff who had brought an entry and detainer action against her neighbors, who had erected a fence on a six foot strip of land, the ownership of which was disputed. The neighbors' fence barred the plaintiff's access to an area definitely on her property containing a propane tank, an outdoor shower with a privacy fence and some plants. The trial court found that the plaintiff had previously exercised dominion and control over the six foot strip, and the neighbors' fence interfered with the plaintiff's access to the area that she indisputably owned containing the propane tank and shower. Moger asserts that *Evans* supported an entry and detainer claim even when the ownership of the land is disputed. Moger Affidavit, ¶ 13, and exhibit A-II, found at Docket Entry 157.00, exhibit A.

In an earlier case, *Bowman* v. *Williams*, 5 Conn. App. 235, 497 A.2d 1015 (1985), appeal dismissed, 201 Conn. 366, 516 A.2d 1351 (1986), the Appellate Court affirmed a trial court decision in favor of the plaintiff's entry and detainer claim with respect to the defendants' removal of the plaintiff's belongings from office space he had leased from the defendants, but reversed the judgment in favor of the plaintiff in connection with the defendants' blocking of a boat slip also leased from the defendants. The Appellate Court held there was error when the trial court found the boat slip was "an appurtenance" of the office space. The Appellate Court said the plaintiff had rented the boat slip for a boat chartering service while subsequently leasing the office space for a marine brokerage business and held: "Since the boat slip did not pass as an incident to the office space, nor does it appear that it was essential to or reasonably necessary to the full beneficial use of the office and storage space, it cannot be deemed an appurtenance of the office." Id., 239–40. Moger concluded that *Bowman*'s discussion of appurtenances supported his clients' claim with respect to their mailboxes. Moger Affidavit, ¶ 14.

In opposing summary judgment, the plaintiffs contend that a mailbox is not an appurtenance because it is not necessary to the full beneficial use of a dwelling, pointing out that there is no law requiring a single-family residence to have a mailbox. See Plaintiffs' Memorandum, p. 18 (found at Docket Entries 217.00, 218.00 and 219.00). They also argue that the neighbor defendants' mailboxes might be located on their own properties rather than the Rieffels' property. Plaintiffs' Memorandum, pp. 18–19.

In assessing whether probable cause existed for the institution of the subject entry and detainer suit, this court does not have to decide the merits of a claim of appurtenance. Rather, it is obligated to determine whether there were facts essential under the law for an attorney "to entertain" the claim. This court finds there existed probable cause for the entry and detainer suit Mailboxes are not a luxury. They are related and incident to the use and enjoyment of a personal residence, and the connection between a mailbox and the residence is "direct and apparent." *Graham* v. *Walker*, 78 Conn. 130, 136, 61 A. 98 (1905). Indeed, it is not often, if ever, that one sees a mailbox that is not related to a residence, business or other specific address. As the *Bowman* court recognized, it is not necessary, in the context of property law, that something be "annexed, joined, or attached to be appurtenant." (Internal quotation marks omitted.) *Bowman* v. *Williams*, supra, 5 Conn. App. 239, citing *Waterbury Lumber & Coal Co.* v. *Asterchinsky*, 87 Conn. 316, 320, 87 A. 739 (1913). This court's reading of *Bowman* persuades it to consider that the very facts and rationale that led the Appellate Court

to reverse the judgment for the plaintiff with respect to the boat slip, provide a reasonable basis for Moger to consider the entry and detainer suit against the plaintiffs. In an entry and detainer action the plaintiff must show, not necessarily ownership or legal right to property, but actual physical control or possession. *Fleming* v. *Bridgeport*, 284 Conn. 502, 514, 935 A.2d 126 (2007). An entry and detainer action is commenced by a possessor who has been dispossessed by an owner without benefit of proper legal proceedings. *Zapata* v. *Mora*, 121 Conn. App. 790, 793, 996 A.2d 1203, cert. denied, 298 Conn. 905, 3 A.3d 74 (2010). It seeks to discourage an owner from resorting to self-help tactics so peace and good order may be maintained. Id. There is no material fact at issue that Moger's clients possessed and controlled their individual mailboxes at the covered shed or stanchion on a continuous basis for an extended period of time, until the Rieffels removed the shed and moved the mailboxes to the neighbor defendants' individual driveways.

Therefore, the court finds that Moger had probable cause to recommend to his clients and to commence the entry and detainer suit against the plaintiffs in this case. The existence of probable cause eliminates the major necessary predicate for the various vexatious suit claims asserted by the plaintiffs in the twenty-first through twenty-third counts of the plaintiffs' complaint.[2]

B

Abuse of Process

The plaintiffs' twenty-fourth count alleges that Moger's conduct constituted abuse of process in that the entry and detainer lawsuit was instituted for a purpose for which such a suit was not designed. Specifically, it is alleged that Moger attempted to settle or quiet title, which is not the purpose of § 47a-43. To settle or quiet title, it is alleged, may only be accomplished through an action pursuant to General Statutes § 47-31. It is further alleged that what Moger sought to do could only "be accomplished" by a declaratory judgment action pursuant to General Statutes § 52-29 and Practice Book § 17-54.

"[T]he gravamen of the action for abuse of process is the use of a legal process . . . against another *primarily* to accomplish a purpose for which it is not designed . . . ." (Emphasis in original; internal quotation marks omitted.) *Larobina* v. *McDonald*, 274 Conn. 394, 403, 876 A.2d 522 (2005), citing 3 Restatement (Second), Torts § 682 (1977). The court is not persuaded that Moger or the neighbor defendants ever had the intent of quieting title. There is no such evidence in the record that they sought any legal ownership rights to any part of the Rieffels' property. What was sought was retention of their possessory rights to the mailboxes

on the Rieffels' property. Therefore, the assertion that § 47-31 is the proper action because the Rieffels say it is a statute "allowing a landowner who is put out of possession to maintain an action asserting his title" (Plaintiffs' Memorandum, p. 46) is simply incorrect.

In *Mozzochi* v. *Beck*, 204 Conn. 490, 529 A.2d 171 (1987), the Connecticut Supreme Court held that an attorney's duty not to pursue "utterly groundless" litigation does not give rise to a viable claim for abuse of process unless there was specific misconduct intended to cause "specific injury outside of the normal contemplation of private litigation." Id., 497. No such specific injury has even been alleged, and there is no evidentiary basis for its existence.

The court finds that a suit under the entry and detainer statute against the plaintiffs was an appropriate use of the statute's remedies in the circumstances facing Moger and his clients. This is not to say the suit would have been successful. However, it is to say the suit was not an abuse of process.

### IV

### CONCLUSION

Moger's motion for summary judgment is granted, and the plaintiffs' claims in their twenty-first through twenty-fourth counts are dismissed.

* Affirmed. *Rieffel* v. *Johnston-Foote*, 165 Conn. App. 391, A.3d (2016).

[1] General Statutes § 47a-43 reads in full: "(a) When any person (1) makes forcible entry into any land, tenement or dwelling unit and with a strong hand detains the same, or (2) having made a peaceable entry, without the consent of the actual possessor, holds and detains the same with force and strong hand, or (3) enters into any land, tenement or dwelling unit and causes damage to the premises or damage to or removal of or detention of the personal property of the possessor, or (4) when the party out of possession would be required to cause damage to the premises or commit a breach of the peace in order to regain possession, the party thus ejected, held out of possession, or suffering damage may exhibit his complaint to any judge of the Superior Court.

"(b) Such judge shall forthwith issue a summons to the party complained of, directed to some proper officer, to notify him to appear at a specified time and place, within eight days from the exhibition of such complaint, in the superior court for the judicial district wherein the injury complained of was done, to answer to the matters contained in the complaint.

"(c) Such summons shall be served upon the party complained of six days inclusive before the day appointed for trial.

"(d) If, after service of such summons, the party complained of does not appear and defend, the judge shall proceed in the same manner as if he were present."

[2] The above finding makes it unnecessary for the court to rule on Moger's other arguments in favor of dismissal. These are: (1) he did not "commence" the suit because Judge Wenzel issued the summons pursuant to § 47a-43 (b) and (2) he did not "prosecute" the suit, but withdrew it shortly after commencement. The first argument seems strained not only because the statute requires the judge to issue the summons "forthwith," intimating a certain lack of discretion, but also because Moger signed the complaint and arranged for service on the Rieffels. Moger Affidavit, ¶ 20. The second argument might have some merit, as the law requires both initiation and prosecution. Nevertheless, almost three weeks passed from initiation and withdrawal, so, at best for Moger, it is a close question.