# THEODORE A. VERSPYCK ET AL. *v.* MICHAEL J. FRANCO ET AL.
## (AC 23813)

Lavery, C. J., and Bishop and Peters, Js.

Argued September 20—officially released November 8, 2005

*John Wayne Fox*, with whom were *Patricia M. Gaug* and, on the brief, *John J. Louizos*, for the appellant (defendant Marilyn P. Altsheler).

*Robert A. Fuller*, with whom was *Louis S. Ciccarello*, for the appellees (plaintiffs).

*Opinion*

PETERS, J. Pursuant to General Statutes § 52-568,[1] two property owners sued to recover damages for vexatious litigation arising out of a federal action in which a trustee unsuccessfully alleged that their acquisition of the property had violated the terms of the trust. The federal action was dismissed because of a failure to

---

[1] General Statutes § 52-568 provides: "Any person who commences and prosecutes any civil action or complaint against another, in his own name or the name of others, or asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages."

record the underlying trust instrument. In the Superior Court, the property owners alleged that the trustee had brought the federal action without probable cause, and they disputed her claims that she had acted on the advice of counsel and that any damages assessed to her should be reduced by the amount that the property owners had received in settlement with her attorneys.[2] The trustee appealed to this court from the trial court's resolution of these factual issues in favor of the property owners and from that court's assessment of damages. Although we upheld the validity of the trustee's defense of advice of counsel, *Verspyck* v. *Franco*, 81 Conn. App. 646, 658, 841 A.2d 267 (2004), our Supreme Court reversed that judgment and has remanded the case for consideration of the remaining issues. *Verspyck* v. *Franco*, 274 Conn. 105, 119, 874 A.2d 249 (2005). We conclude that the trial court properly found that the trustee did not have probable cause to initiate the federal litigation and properly assessed the damages to which the property owners are entitled. Accordingly, we affirm the judgment of the trial court.

The following facts and procedural history are reported in our prior opinion. The plaintiffs, Theodore A. Verspyck and Patricia J. Verspyck, filed a two count complaint against the defendant Marilyn P. Altsheler[3] in which they sought damages for violations of subdivisions (1) and (2) of § 52-568.[4] *Verspyck* v. *Franco*, supra, 81 Conn. App. 648. They alleged that the defendant did not have probable cause to contest the validity of a

---

[2] The plaintiffs' action originally included two counts charging the trustee's attorneys, Michael J. Franco and Tiziana M. Scaccia, with having improperly represented the trustee in the federal action. The two claims were withdrawn following a $90,000 settlement.

[3] Following the withdrawal of the action as against her attorneys; see footnote 2; Marilyn P. Altsheler was the only remaining defendant. We refer to her as the defendant in this opinion.

[4] Before trial, the plaintiffs withdrew a claim of slander of title. Two claims against the defendant's attorneys were settled for $90,000.

conveyance of property located at 19 Valeview Road in Wilton. Id.

The plaintiffs had purchased this property in 1978 from the defendant's husband, Richard A. Altsheler, now deceased, who conveyed the property signing his name as "Richard A. Altsheler, trustee." Id., 650. In the defendant's view, the conveyance was defective because it lacked the signature of her husband's sister, Marilyn M. Altsheler. The defendant's husband and sister-in-law had been appointed cotrustees of an irrevocable trust created by their parents, Leonard Altsheler and Eleanor Altsheler.[5] In 1971, Eleanor Altsheler had transferred to the defendant's husband, as trustee, some real property that included the parcel that is the subject of the present litigation. Id. In 1988, after the death of her husband and her sister-in-law, the defendant became the trust's sole trustee and beneficiary. Id., 651.

The defendant did not contest the plaintiffs' title to the property until 1997, when they sold it to a third party. Id. Initially, the defendant believed she had a right of first refusal for the property. It was not until the resale that she learned that she did not. Id.

The defendant's federal court action, like her defense in this case, was premised on her contention that a deed of conveyance of trust property, signed by only one of two alleged cotrustees, does not give a purchaser good title. Id. The federal court dismissed the defendant's action without addressing the merits of this issue. Id. Its decision was based on General Statutes § 47-20, which has recordation requirements with which the trust had not complied.[6] Id., 648. The United States

---

[5] The trust was created in 1955. Although originally funded only with securities, the trust contemplated that it would include "all other property, real and personal, which, from time to time, the [settlors] may place under the operation of the trust . . . ." The trust was never recorded.

[6] General Statutes § 47-20 provides in relevant part: "The word 'trustee' . . . following the name of the grantee in a duly executed and recorded instrument which conveys . . . real estate or any interest therein . . .

Court of Appeals for the Second Circuit affirmed the dismissal summarily. Id.

In the present case, the trial court found that the defendant did not have probable cause to bring the federal action. It further found that, although the plaintiffs had not proven that the defendant had acted with malice, they were entitled to $142,000 in double damages under § 52-568 (1).[7] Id., 649 n.5. Finally, it held that the $90,000 that the plaintiffs had received in settlement from the defendant's attorneys was not an offset to the defendant's own liability for statutory damages. The defendant challenges the validity of each of these decisions. We affirm the judgment of the court.

## I

## PROBABLE CAUSE

The trial court found that the defendant lacked probable cause to initiate the federal action because (1) the plaintiffs had been living in the house for nineteen years without any challenge to their ownership; (2) the deed from the defendant's mother-in-law to the defendant's husband, who sold the property to the plaintiffs, did not refer to the sister-in-law; and (3) the sister-in-law had resigned her trusteeship prior to the 1978 conveyance. The court found that the defendant had access to the files of the attorneys who had drafted the trust and that those files contained a letter of resignation by the sister-in-law dated November 2, 1960. It faulted the defendant for not having reviewed these files before she initiated her federal lawsuit against the plaintiffs.

As our Supreme Court has reminded us, "[a]ppellate review of findings of fact is limited to deciding whether

do[es] not, in the absence of a separate duly executed and recorded instrument defining the powers of the grantee, affect the right of the grantee to sell, mortgage or otherwise dispose of the real estate or interest therein . . . ."

[7] See footnote 1.

such findings were clearly erroneous." (Internal quotation marks omitted.) *Verspyck* v. *Franco,* supra, 274 Conn. 113. This standard imposes on an appellant a heavy burden of persuasion that this defendant has not met.

The defendant argues that her delay in raising an issue about the plaintiffs' title was reasonable because she believed in good faith, even if erroneously, that she had a right of first refusal that would not have matured until the plaintiffs decided to sell to a third party. She denies that she had access to the trust attorneys' files and questions the effectiveness of the letter of resignation. The evidence at trial was inconsistent. The trial court had the authority to find the defendant's representations unpersuasive.

The defendant arguably is on stronger grounds in her assertion that her own appraisal of the validity of the conveyance to the plaintiffs was legitimated by doubts about the plaintiffs' title that were expressed by Chicago Title Insurance Company. That company had refused to issue insurance for the sale of the plaintiffs' property that triggered this litigation.[8] The difficulty with this argument is that the trial court made no findings, and apparently was not asked to make findings, about the significance of this evidence. We cannot fill this gap.

We conclude, therefore, that the trial court properly found that the defendant did not have probable cause to initiate her federal lawsuit against the plaintiffs. It was not clearly erroneous for the court to find that, with or without the advice of counsel, the defendant had an independent duty to ascertain the relevant facts before going to court.

---

[8] Charles P. Flynn, the attorney who had represented the plaintiffs in the sale of the property, testified that "Chicago Title [Insurance Company] made a report that there was a title defect in that there was a right of first refusal to [the defendant's husband] and that this would have to be released or satisfied."

## II

## DAMAGES

The trial court held that the plaintiffs were entitled to recover monetary damages measured by the $71,000 in legal fees that they had incurred with respect to the federal court proceedings. In light of its finding that the defendant did not have probable cause to pursue her federal claim, the court doubled this amount. See General Statutes § 52-568 (1). The court denied the plaintiffs' request for treble damages because they failed to establish that the defendant had acted with malice. See General Statutes § 52-568 (2). It denied the defendant's request that the award of double damages be offset by the $90,000 that the plaintiffs had received as a result of their settlement with the defendant's attorneys. It held that "the $90,000 received from the attorneys and this $142,000 when combined are not excessive under all the circumstances." Accordingly, the court rendered a judgment in favor of the plaintiffs for $142,000.

In her appeal from the amount of the judgment, the defendant does not challenge the calculation of the plaintiffs' legal fees. Instead, she claims that the court improperly failed to reduce the award of attorney's fees to the plaintiffs by the $90,000 in settlement proceeds that they previously had received. In her view, the court's decision (1) violated § 52-568 (2) because, in effect, it awarded the plaintiffs treble damages without a showing of malice and (2) violated General Statutes § 52-572h because it disregarded applicable principles of apportionment of damages.[9] Each of these claims

---

[9] The defendant also claims that the trial court resolved the issues with respect to damages without giving her an opportunity to make a full presentation, and that the plaintiffs also had expected a further discussion of the relationship between the statutory damages award in this case and the settlement agreement. There is no indication on the record that the defendant ever brought this contention to the attention of the trial court. We therefore cannot address its merits.

raises an issue of law. Accordingly, our review of their merits is plenary. *Segal* v. *Segal*, 86 Conn. App. 617, 622, 863 A.2d 221 (2004). We are not persuaded that the court's rulings were improper.

The defendant's first argument focuses on the court's finding that the plaintiffs failed to prove that she had acted with malice. In light of that finding, § 52-568 (1) entitled the plaintiffs to recover double damages but not treble damages. The defendant maintains that, in the absence of an offset for the settlement proceeds, the plaintiffs were, in effect, recovering treble damages.

The defendant's argument assumes an identity between the plaintiffs' claim for damages against her and their claims against her attorneys. That is not necessarily correct. It would not have been unreasonable for the attorneys to have been concerned that they might have been found to have acted with malice. One of the defendant's attorneys, Michael J. Franco, testified that he had continued to advise the defendant that her lawsuit had merit even after he had been alerted to the existence of § 47-20, the trust recordation statute that proved to be an insuperable stumbling block in federal court. See *Verspyck* v. *Franco*, supra, 81 Conn. App. 654. On this record, the trial court's damages award cannot be faulted.

The defendant's second argument invokes the apportionment principle for negligence claims that is stated in § 52-572h. This statute states that "[tort] liability may be apportioned among parties liable for negligence in any cause of action created by statute based on negligence . . . ." See General Statutes § 52-572h (o). The trial court rejected this claim because an action for vexatious litigation is not an action for negligence. The defendant has not cited any authority to the contrary.

The judgment is affirmed.

In this opinion the other judges concurred.