COMMISSIONER OF SOCIAL SERVICES
ET AL. *v.* JERMAINE JOYNER
(AC 33049)

DiPentima, C. J., and Alvord and Pellegrino, Js.

Argued April 9—officially released July 17, 2012

*Jennifer Aguilar*, assistant attorney general, with whom were *Sean O. Kehoe*, assistant attorney general, and, on the brief, *George Jepsen*, attorney general, for the appellant (named plaintiff).

*Opinion*

ALVORD, J. The plaintiff commissioner of social services[1] appeals from the judgment rendered by the trial court denying the petition to appeal the decision of the family support magistrate. On appeal, the plaintiff claims that the trial court erred by denying the plaintiff's appeal because the magistrate improperly found that

---

[1] Although the state of Connecticut and Safiya Martin were also listed as plaintiffs in the proceedings in the Superior Court, only the commissioner of social services is a party to this appeal and we refer to the commissioner of social services as the plaintiff.

the defendant, Jermaine Joyner,[2] was a recipient of supplemental security income (SSI) for the quarter from March 17 through June 30, 2008, and the defendant did not have an actual ability to work for the same time period. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our consideration of the plaintiff's appeal. The plaintiff, on behalf of Safiya Martin, and pursuant to General Statutes § 46b-162 et seq., filed a paternity and support petition alleging that the defendant is the father of her daughter, Zyida D. Martin, and that he failed to pay support.[3] On the first continuance date, an attorney, Teresa Moots, was appointed for the defendant. Moots filed a motion for genetic testing on the defendant's behalf at the expense of the state, which motion was granted. On the subsequent continuance date, and after an evidentiary hearing, Family Support Magistrate Jed N. Schulman made a finding that the defendant was the father of Zyida and a judgment of paternity entered. Prior to the magistrate's consideration of the state's request for an order holding the defendant liable for the financial and medical support and maintenance of Zyida, the defendant was appointed a guardian ad litem on the basis of his status as a client of the department of developmental services.[4] In calculating a child support arrearage, Magistrate Schulman attempted to determine whether the defendant had any includable income for the relevant quarter of March 17 through June 30, 2008. After reviewing the defendant's individual plan from

---

[2] The defendant did not file a brief nor did he appear for oral argument.

[3] The attorney general filed the petition on behalf of the plaintiff. See General Statutes § 46b-231 (t), which provides in relevant part: "The Attorney General shall . . . (1) Represent the interest of the state in all actions for child or spousal support in all cases in which the state is furnishing or has furnished aid or care to one of the parties to the action or a child of one of the parties . . . ."

[4] Subsequently, a new guardian ad litem took over responsibility for the defendant on September 7, 2010. There appeared to be some confusion on the part of the state and the guardian ad litem regarding the guardian ad litem's role. On October 5, 2010, the following colloquy took place:

the department of developmental services listing the defendant's part-time work at Target and his receipt of SSI for various time periods, Magistrate Schulman continued the proceedings for further verification of wages including any new employment information from the department of developmental services. Specifically, Magistrate Schulman ordered: "[T]his is what we're going to do. We'll continue it to April 20, 2010, and I'm asking the state to check into [what is includable in the child support arrearage guideline calculation based on information from the department of developmental services] as well, but work with Attorney Moots, and, Attorney Moots, get the status of all his income."

At the April 20, 2010 continuance date, neither the guardian ad litem nor the state provided the information ordered by Magistrate Schulman. The guardian ad litem stated that she was unable to verify the department of developmental services' report that the defendant was receiving SSI. Magistrate Schulman stated: "Okay. I'm going to interrupt you and I have to apologize but, you know something, there are other ways to verify this, okay?" He further stated: "[T]his is not complete. If you're sending up financials, they need to be complete." Magistrate Schulman then directed the state and the guardian ad litem to verify the information, as he had previously ordered, regarding potential SSI, thus necessitating a further continuance date. Magistrate Schulman ordered: "Considering his limitations, I'm only [issuing a temporary order of current support]. Furthermore, Attorney Moots is going to have to do further

---

"The Court: And, Attorney [Barbara] Morelli, are you his guardian ad litem?

"[Attorney Morelli]: No. No, Your Honor. I'm actually replacing Attorney Moots who was his attorney.

"The Court: No. Attorney Moots was appointed [as] his guardian ad litem. He's incompetent or somewhat incompetent according to the records of the court's file. Attorney Moots is appointed as guardian ad litem."

Additionally, the assistant attorney general represented to the family support magistrate that "[the defendant is] represented by counsel" directly after the colloquy above occurred on October 5, 2010.

investigation and whatever else. If there is [any social security income], have them produce it. Also, the state keeps in other jurisdictions, has been producing SSI reports. Now if he is on SSI, they have been able to pull it up. If he's on it then maybe you can pull it up here . . . . Hold [calculating an order on] the arrearages." Magistrate Schulman set a temporary order of current support in the amount of $31 per week.

On July 20, 2010, the assistant attorney general represented to the magistrate that the defendant was no longer the recipient of SSI. Thus, Magistrate Schulman again continued the matter, ordering specific information regarding the social security status of the defendant.

On September 7, 2010, the state and the defendant's guardian ad litem appeared before Magistrate Linda T. Wihbey. The assistant attorney general represented to the magistrate: "I believe [the defendant is] mentally challenged, and he is on and off SSI and working with a job coach. So when he's working he's off SSI, and when he's not working he's on SSI." Magistrate Wihbey continued the matter, ordering the state to provide a complete work history, including a department of labor wage report and unemployment and social security statements, if they were available.

On October 5, 2010, the state and the defendant's guardian ad litem again appeared before Magistrate Wihbey regarding a potential arrearage finding for the March 17 to December 31, 2008 period. The state provided wage information from the department of labor for the final two quarters of 2008 when the defendant had worked at Taco Bell. The state did not provide any department of labor information for the relevant quarter beginning March 17 and ending June 30, 2008. Magistrate Wihbey determined that the defendant owed an arrearage based on the twenty-six weeks for which

the state had provided actual employment and wage information from the department of labor. Magistrate Wihbey also determined that, based on the defendant's lack of wages as confirmed by the state's department of labor report for the relevant three months, the arrearage was zero for that quarter. Therefore, Magistrate Wihbey concluded that the defendant owed a total arrearage of $1846 based on the twenty-six week period for which he actually had an ability to work and for which he earned income.

On October 14, 2010, the state petitioned the Superior Court to appeal Magistrate Wihbey's decision. On December 6, 2010, the Superior Court, *Turner, J.*, found no error as alleged by the state and summarily denied the state's petition to appeal. On December 17, 2010, the plaintiff filed a motion for reconsideration and for reargument, which motion was summarily denied by the court on December 23, 2010. This appeal followed.

The plaintiff filed a motion for articulation on January 10, 2011, and the court filed its articulation on March 30, 2011. The articulation stated the following: "The family support magistrate found that during the period March 17, 2008 to June 30, 2008, the [defendant] was mentally retarded, incompetent, disabled and receiving services from the state of Connecticut's department of social services, a recipient of Social Security disability, a recipient of SSI, on Title 19, did not work, and had no demonstrated earning capacity for the period in question. The magistrate's findings are not clearly erroneous and are supported by the record before the court. Given the magistrate's findings, this court cannot conclude that the magistrate's finding that the [defendant] had no actual ability to work and refusal to impute a minimum wage earning capacity to the [defendant] under these circumstances was error. The magistrate had available before it evidence sufficient to demonstrate why the [defendant] should not be compelled to

pay a child support arrearage for the period March 17, 2008 to June 30, 2008."

We review factual findings of family support magistrates under the clearly erroneous standard of review. *Testa* v. *Geressy*, 286 Conn. 291, 318, 943 A.2d 1075 (2008). "The clearly erroneous standard of review provides that [a] [magistrate's] determination is clearly erroneous only in cases in which the record contains no evidence to support it, or in cases in which there is evidence, but the reviewing court is left with the definite and firm conviction that a mistake has been made." (Internal quotation marks omitted.) Id. It is the family support magistrate's function to weigh the evidence and to determine credibility and we give great deference to his or her findings. See *Gianetti* v. *Norwalk Hospital*, 304 Conn. 754, 766, 43 A.3d 567 (2012). "In reviewing factual findings, [w]e do not examine the record to determine whether the [magistrate] could have reached a conclusion other than the one reached. . . . Instead, we make every reasonable presumption . . . in favor of the [magistrate's] ruling." (Internal quotation marks omitted.) Id. The clearly erroneous standard imposes on the appellant a heavy burden of persuasion. *Verspyck* v. *Franco*, 92 Conn. App. 253, 258, 884 A.2d 432 (2005), cert. denied, 277 Conn. 904, 894 A.2d 989 (2006).

The plaintiff first claims that the family support magistrate improperly determined that the defendant was a recipient of SSI during the relevant quarter. We disagree.

After careful review of the record, we conclude that the magistrate's finding that the defendant was a recipient of SSI during the relevant quarter is not clearly erroneous. The magistrate had before her the department of labor employment report, which included no employment information for the relevant time period,

and the department of developmental services' individual plan for the defendant listing his SSI income. Additionally, when the parties appeared before Magistrate Wihbey on September 7, 2010, the assistant attorney general expressly represented to the magistrate with regard to the defendant: "I believe he's mentally challenged, and he is on and off SSI and working with a job coach. So when he's working he's off SSI, and when he's not working he's on SSI." There is ample evidence in the record to support Magistrate Wihbey's finding that the defendant was a recipient of SSI during the relevant quarter. Accordingly, the plaintiff's claim fails.

The plaintiff next claims that the trial court's denial of the plaintiff's petition to appeal from the family support magistrate's ruling was improper because the magistrate erroneously found that the defendant had no ability to work during the relevant quarter and, therefore, owed no arrears for that time period. We disagree with the plaintiff.

Magistrate Wihbey examined the evidence before her, including the department of developmental services' individual plan for the defendant, the department of labor employment report and the court file, and found that the defendant was disabled, receiving services from the department of developmental services, receiving SSI benefits, on Title 19, receiving social security disability and did not work during the relevant quarter. She also found that the defendant was mildly mentally challenged. We decline to disturb the magistrate's weighing of evidence. As previously noted, the plaintiff represented to the magistrate that the defendant had periods where he did not work and that during those periods, he received SSI, and the plaintiff conceded that the defendant was a client of the department of developmental services. On the basis of these findings and the plaintiff's representations to Magistrate Wihbey, there is clearly evidence in the record to support her

finding that the defendant had no ability to work during the relevant quarter and, therefore, that he owed no arrears for that specific period of time. Accordingly, the trial court properly denied the plaintiff's petition to appeal because the magistrate's findings were not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.